[No. 1498-2. Division Two. July 15, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. ARLEN D. CUZICK, *Appellant*.

*Jerome L. Buzzard* (of *Buzzard & Glenn*), for appellant.

*Byron McClanahan, Prosecuting Attorney,* and *James B. Sawyer II, Deputy,* for respondent.

WIEHL, J.*—Arlen D. Cuzick, the defendant, escaped from the Washington Corrections Center at Shelton on July 10, 1973, where he was being held pending trial on misde-

---

*Judge Lloyd Wiehl is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

meanor charges in Mason County Superior Court. At the time of his escape he was also serving sentences on unrelated felony convictions. Cuzick was returned to the center and charged with escape by information filed July 25, 1973. His preliminary appearance was August 2, 1973. On August 17, 1973, the trial court ordered Cuzick to be examined by two professionals to determine, *inter alia*, his competency to stand trial and his mental condition at the time of his escape. Cuzick was arraigned on a plea of not guilty by reason of mental defect on September 28, 1973, and stipulated to his competency to stand trial. Thereafter, various orders were entered on behalf of the defendant, authorizing expenditures of funds to enable him to be examined by medical experts. These examinations were in the nature of pretrial discovery to determine Cuzick's mental condition at the time of escape and to aid him in his defense.

The defendant's last medical examination occurred on December 14, 1973. On April 19, 1974, the trial court denied Cuzick's motion to dismiss for failure to receive a trial within 60 or 90 days following his preliminary appearance, as required by CrR 3.3(b) and (c). Trial to the court alone commenced April 29, 1974, and Cuzick was found guilty as charged.

Various assignments of error are made in favor of reversal. However, our resolution of the defendant's speedy trial[1]

---

[1] CrR 3.3, which sets forth the rules governing speedy trials, states:

"**(a) Responsibility of Court.** It shall be the responsibility of the court to ensure to each person charged with crime a speedy trial in accordance with the provisions of this rule.

"**(b) Time Limit.** A criminal charge shall be brought to trial within 90 days following the preliminary appearance.

"**(c) Priority Over Civil Cases.** Criminal trials shall take precedence over civil. A defendant unable to obtain pretrial release shall have priority and the charge shall be brought to trial within 60 days following the preliminary appearance.

"**(d) Excluded Periods.** The following periods shall be excluded in computing the time for trial:

"(1) All proceedings relating to the competency of the defendant to stand trial.

"(2) Preliminary proceedings and trial on another charge.

"(3) Delay granted by the court pursuant to section (e).

contention makes consideration of the other issues unnecessary.

■ The State contends and the trial court found that CrR 3.3(d)(1) applied to exclude the time during which Cuzick was undergoing medical examinations to determine his mental condition at the time of his crime. However, CrR 3.3(d)(1) clearly applies only to those time periods during which proceedings to determine the "competency of the defendant *to stand trial*" have taken place (Italics ours.) *See State v. Setala,* 13 Wn. App. 604, 536 P.2d 176 (1975). Here the defendant *was* competent to stand trial. The medical examinations after his arraignment were aimed only at determining his mental condition at the time of his escape. To employ CrR 3.3(d)(1) to exclude this time period, 135 days,[2] would be to ignore the clear language of the rule.

■ In addition, 136 days elapsed between Cuzick's last medical examination, on December 14, 1973, and the date of

"(4) Delay in justice court resulting from a stipulated continuance made of record.

"(5) Delay resulting from the absence of the defendant.

"(6) The time between the dismissal and the refiling of the same charge.

"(e) **Continuances.** Continuances or other delays may be granted as follows:

"(1) On motion of the defendant on a showing of good cause.

"(2) On motion of the prosecuting attorney if:

"(i) the defendant expressly consents to a continuance or delay and good cause is shown; or

"(ii) The state's evidence is presently unavailable, the prosecution has exercised due diligence, and there are reasonable grounds to believe that it will be available within a reasonable time; or

"(iii) required in the due administration of justice and the defendant will not be substantially prejudiced in the presentation of his defense.

"(3) The court on its own motion may continue the case when required in the due administration of justice and the defendant will not be substantially prejudiced in the presentation of his defense.

"(f) **Dismissal With Prejudice.** A criminal charge not brought to trial as required by this rule shall be dismissed with prejudice."

[2]One hundred and thirty-five days elapsed between August 2, 1973, the date of Cuzick's preliminary appearance, and December 14, 1973, the date of his last medical examination.

trial. This delay itself, without more, is sufficient to require reversal. CrR 3.3(a) puts the onus on the trial court to insure that criminal defendants receive speedy trials in accordance with the provisions of that rule. When a defendant does not receive a speedy trial, and no justification for noncompliance with the rule is shown, the court is required to dismiss the case with prejudice. CrR 3.3(f); *State v. Williams*, 85 Wn.2d 29, 32, 530 P.2d 225 (1975). CrR 3.3(d) and (e) set forth periods which may be excluded in computing the time periods. The record does not show that any of the 136-day delay was procured on behalf of the defendant. Neither does it appear the trial court or the prosecutor caused this delay for one of the reasons provided in the rule. Moreover, the fact that Cuzick failed to show he was prejudiced because of the delay is irrelevant. A criminal defendant need not show prejudice before dismissal is required under CrR 3.3(f). *State v. Williams*, *supra.*

Since no adequate justification is shown for the delay in bringing the defendant to trial, this case is reversed and the prosecution dismissed.

BRYAN (A.C.J.) and COCHRAN, JJ. Pro Tem., concur.