[No. 1507-2.    Division Two.    August 14, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. DENNIS O'NEIL, *Appellant*.

*David D. Cullen* (of *Mooney, Cullen & Holm*), for appellant.

*Patrick D. Sutherland, Prosecuting Attorney,* and *Ed Schaller, Jr., Deputy,* for respondent.

BRYAN, A.C.J.[*]—The sole issue raised on this appeal is whether defendant was denied his constitutional right to a speedy trial because he was not brought to trial within 60 days from his preliminary appearance under CrR 3.3(c).[1] We hold that, under the circumstances of this case, the 90-day rule of CrR 3.3(b) applies and, therefore, his trial within 76 days of his preliminary appearance satisfied the requirements of that rule.

The pertinent dates and events are as follows:

January 4, 1974    Defendant was arrested.

---

[*]Judge Robert J. Bryan is serving as a judge pro tempore of the Court of Appeals pursuant to Laws of 1973, ch. 114.

[1]CrR 3.3(c) provides:

"(c) **Priority over Civil Cases.** Criminal trials shall take precedence over civil. A defendant unable to obtain pretrial release shall have priority and the charge shall be brought to trial within 60 days following the preliminary appearance."

| | |
|---|---|
| January 7, 1974 | Information was filed charging defendant with conspiracy to deliver a controlled substance, second-degree assault and attempted armed robbery. |
| January 8, 1974 | Defendant first appeared in court. Counsel was appointed and pleas of not guilty were entered. |
| January 9, 1974 | Defendant moved for release on personal recognizance or in the alternative for reduced bail. He also commenced serving a 55-day sentence on a previous district court conviction. |
| January 10, 1974 | The State noted the case for trial setting. |
| January 14, 1974 | The court set the case for trial to commence on March 25, 1974. |
| January 16, 1974 | An order was entered reducing defendant's bail to $1,500. |
| March 4, 1974 | Defendant completed his district court sentence. |
| March 19, 1974 | Defendant moved to dismiss on the ground that he was denied his right to a speedy trial under CrR 3.3(c). |
| March 20, 1974 | Defendant's motion to dismiss was heard and denied. Defendant posted bail and was released from custody. |
| March 23, 1974 | Defendant was arrested on an unrelated felony charge. |
| March 25, 1974 | Trial commenced. (76 days from defendant's preliminary appearance and 80 days from his arrest.) |

It is clear from the record that defendant was serving a district court sentence on a previous conviction from January 9, 1974, to March 4, 1974. Under these circumstances the defendant was not "[a] defendant unable to obtain pretrial release," under CrR 3.3(c). That rule refers to the ability to obtain pretrial release because of the pendency of the *current* criminal charges and is not invoked because of an inability to obtain release due to other matters. Therefore, the "90 day rule," CrR 3.3(b),[2] is applicable

---

[2] CrR 3.3(b) provides:

"**(b) Time Limit.** A criminal charge shall be brought to trial within 90 days following the preliminary appearance."

here. *State v. Keith*, 13 Wn. App. 127, 534 P.2d 128 (1975). Defendant was tried within the 90 days allowable under CrR 3.3(b). His right to speedy trial was not denied.

Affirmed.

WIEHL and COCHRAN, JJ. Pro Tem., concur.

Petition for rehearing denied October 6, 1975.

Review denied by Supreme Court December 15, 1975.