[No. 1609-2.    Division Two.    January 26, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL D. WILLIAMS, *Appellant*.

*Neil J. Hoff* and *Hoff & Cross*, for appellant.

*Guy Glenn, Prosecuting Attorney*, for respondent.

PETRIE, C.J.—Defendant, Michael D. Williams, was convicted by a jury on two counts of first-degree assault. He assigns error to the trial court's failure to grant his motion to dismiss pursuant to CrR 3.3(f) because he was not brought to trial within the time limits prescribed by the rule. We agree with this contention and reverse the conviction.

The pertinent facts are as follows. On April 12, 1974, the

day after the assault, the defendant was arrested and brought before a district court judge for a preliminary appearance. Counsel was appointed for him, bail was set, and he was bound over to superior court. On June 6, the defendant was arraigned in superior court and entered a plea of not guilty. On the same date, after conferring with his attorney (not his counsel on appeal), the defendant also signed a document waiving his right to be tried within 90 days following his preliminary appearance. *See* CrR 3.3(b). It appears that the waiver was executed because counsel needed more time to investigate the charges, even though these proceedings occurred on the *55th day* following the preliminary appearance and no trial date had been set.

On June 10, following two suicide attempts, Williams was committed involuntarily to Western State Hospital for a 72-hour observation stay pursuant to RCW 71.05.150, which authorizes "evaluation and treatment" of a person presenting "a likelihood of serious harm to others or himself." On June 24, an order committing the defendant to Western State Hospital for a period not to exceed 15 days in order to determine his competency was entered by the superior court pursuant to RCW 10.77.060. Williams remained at the hospital until June 30, 1974, when he was released on his personal recognizance. He had been in custody since his arrest. Nothing appears in the record to explain by what authority the defendant was in custody at the hospital from June 13, when the initial 72-hour detention expired, to June 24. Defendant's motion to dismiss for noncompliance with CrR 3.3 was denied, and trial began July 30, 1974—the 109th calendar day following his preliminary appearance.

We begin with the fact that CrR 3.3(b) requires a criminal charge to be brought to trial within 90 days following the preliminary appearance.[1] However, CrR 3.3(c)

---

[1]CrR 3.3 provides in relevant part as follows:

"(a) **Responsibility of Court.** It shall be the responsibility of the court to ensure to each person charged with crime a speedy trial in accordance with the provisions of this rule.

"(b) **Time Limit.** A criminal charge shall be brought to trial within

requires a defendant who has been unable to obtain pretrial release be tried within 60 days following his preliminary appearance. CrR 3.3(f) requires a dismissal of the charge if the rule has been violated. The defendant need not show that he was prejudiced by noncompliance with the rule. *State v. Williams*, 85 Wn.2d 29, 530 P.2d 225 (1975). However, any time devoted to "proceedings relating to the competency of the defendant to stand trial" is excludable for purposes of computation of the pretrial period. CrR 3.3(d) (1).

The State contends that CrR 3.3 was not violated in the case at bench because (1) the 20-day period of defendant's stay at Western State Hospital from June 10 to June 30 may be deducted, pursuant to CrR 3.3(d) (1), from the 109 days between preliminary appearance and trial; and (2) the defendant, in any event, waived his right to a speedy trial.

If the entire period of hospital custody is excludable, as the State urges, the trial would then have begun on the 89th accountable day for purposes of the rule. Because the defendant was able to obtain pretrial release on June 30, the State concludes the 90-day rule applies and the defendant was not denied a speedy trial. We find no merit to that contention.

We cannot agree that Williams' entire period of custody at Western State Hospital was part of "proceedings relating to the competency of the defendant to stand trial." Only the period beginning June 24, the date of the order

90 days following the preliminary appearance.

"(c) **Priority Over Civil Cases.** Criminal trials shall take precedence over civil. A defendant unable to obtain pretrial release shall have priority and the charge shall be brought to trial within 60 days following the preliminary appearance.

"(d) **Excluded Periods.** The following periods shall be excluded in computing the time for trial:

"(1) All proceedings relating to the competency of the defendant to stand trial.

"  . . .

"(f) **Dismissal With Prejudice.** A criminal charge not brought to trial as required by this rule shall be dismissed with prejudice."

directing an examination of his competency pursuant to RCW 10.77.060, can clearly be so regarded. RCW 10.77 contains comprehensive procedures governing the handling of criminal defendants whose competency is in doubt or whose incompetency has been determined. On the other hand, RCW 71.05.150—the authority for the defendant's 72-hour commitment beginning June 10—is intended to encompass *civil* commitment of the mentally ill.

Acceptance of the State's argument would require us to conclude that the initial 72-hour "evaluation and treatment period" for a person presenting a likelihood of serious harm to others or himself, was a proceeding relating to the defendant's competency to stand trial. Although the mental state of a person warranting involuntary civil commitment may bear on his competency to stand trial, the CrR 3.3(d)(1) exclusion of time is limited only to proceedings with the specific purpose of determining competency to stand trial. *State v. Cuzick*, 13 Wn. App. 896, 538 P.2d 862 (1975). Furthermore, the period of the defendant's confinement at Western State Hospital between June 13 and June 24, for which *no* authority appears in the record, is clearly not excludable under the rule.[2] Because the 14 days between June 10 and June 24 are accountable days for the purpose of computation of the time between preliminary appearance and trial, it is clear that trial commenced more than 90 accountable days following the defendant's preliminary appearance. Accordingly, we conclude CrR 3.3 was violated.

■■ We turn next to the State's contention that the defendant waived his right to speedy trial. A defendant may waive this right by failure to move for dismissal prior to trial. *State v. Williams, supra; but cf. Barker v. Wingo,*

---

[2]The defendant presumably could have been detained after the initial 72-hour period for an additional period up to 14 days following a probable cause hearing and order. RCW 71.05.200, RCW 71.05.240. It does not appear such a hearing was held. Rather, respondent's brief relates that the "observation period was extended for another 14 days on the request of the staff at Western State Hospital."

407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972). He may also choose to waive the right explicitly.

CrR 3.3 establishes the time frame within which a defendant *must* be brought to trial in minimum compliance with article 1, section 22 (amendment 10) of the Washington State Constitution and the sixth amendment to the United States Constitution. The right to a speedy trial is as fundamental as any of the rights secured by the Sixth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 223, 18 L. Ed. 2d 1, 87 S. Ct. 988 (1967). Presuming a waiver of a fundamental constitutional right from a silent record is impermissible. *Barker v. Wingo, supra.* The accused is not necessarily bound by a decision of his counsel on the question of waiver. *Humphrey v. Cady*, 405 U.S. 504, 31 L. Ed. 2d 394, 92 S. Ct. 1048 (1972).

There was no court reporter present when Williams signed the document waiving his right to trial within 90 days. He was then in custody and the 90-day provision simply did not apply; there is no indication the 60-day provision of the rule was even discussed. The superior court record is silent with respect to defendant's intelligent waiver of his *in-custody right* to be tried within 60 days. If the court and the parties intended that the waiver apply to the 60-day rule, a clear record of that fact is essential. *See State v. Williams, supra* at 31-32. We are unwilling to presume that on June 6 Williams either (1) was aware that CrR 3.3(c) required the State to commence a trial within 5 days or (2) did acquiesce in a waiver of the mandatory dismissal provision. We hold, therefore, that Williams did not waive his right to a speedy trial.

Our disposition of the speedy trial issue makes it unnecessary to discuss the defendant's remaining assignments of error.

The judgment is reversed with direction to dismiss the information.

PEARSON and REED, JJ., concur.

Petition for rehearing denied March 3, 1976.

Review granted by Supreme Court May 25, 1976.