[No. 1837-2.   Division Two.   June 25, 1976.]

THE STATE OF WASHINGTON, *Appellant*, v. MICHAEL R. RISING, *Respondent*.

*Henry R. Dunn, Prosecuting Attorney,* and *James E. Warme, Chief Deputy,* for appellant.

*C. C. Bridgewater* (of *Walstead, Mertsching, Husemoen, Donaldson & Barlow*), for respondent.

REED, J.—The State appeals from an order dismissing, with prejudice, an information charging defendant Michael R. Rising with escape from the Longview Work Release Center. The defendant cross-appeals, contending he was denied his right to a prompt preliminary appearance as guaranteed by JCrR 2.03. We conclude the court erred in dismissing the charges against defendant, and accordingly we reverse and remand for trial.

The defendant walked away from the Longview Work Release Center on June 3, 1974. Three days later, on June 6, an information was filed in Cowlitz County Superior Court charging him with escape. Defendant was finally apprehended 3 months later on September 15, 1974, in Billings, Montana and was returned to Washington and placed in custody at the Monroe Reformatory on September 19. On October 7 the Department of Social and Health Services notified the Cowlitz County prosecutor that defendant was in custody and requested information concerning the prosecutor's intention regarding the escape charges. The prosecutor replied he intended to prosecute and, on October 24, the Superior Court signed an order authorizing defendant's return to Cowlitz County for trial. Over 5 months elapsed before any further action was taken on defendant's case. On March 11, 1975, the Department of Social and Health Services reminded the Cowlitz County prosecutor that defendant was still in custody at Monroe and inquired as to the prosecutor's intentions. The prosecutor informed the department that the paper work necessary to effectuate defendant's transfer to Cowlitz County for trial was then being processed. On March 21, 1975, defendant formally requested disposition of charges against him and return to Cowlitz County for trial. Defendant was transferred to Cowlitz County on March 25 and on March 27 was ar-

raigned on the charge of escape, entering a plea of not guilty. On April 4 the court dismissed the charges against defendant, concluding the statutory time period controlling the disposition of untried informations against persons in custody had not been met.

RCW 9.98.010 provides in relevant part:

> (1) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of this state, and whenever during the continuance of the term of imprisonment there is pending in this state any untried indictment, information or complaint against the prisoner, he shall be brought to trial within one hundred twenty days *after he shall have caused to be delivered to the prosecuting attorney and the superior court of the county in which the . . . information . . . is pending written notice of the place of his imprisonment and his request for a final disposition to be made . . .*
>
> . . . .
>
> (3) The superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information or complaint against him concerning which the superintendent has knowledge and of his right to make a request for final disposition thereof.

(Italics ours.) RCW 9.98.020 expressly deprives the court of jurisdiction of the action if not brought to trial within the period of time provided in section .010 of RCW 9.98.

■ The trial court concluded:

> the defendant was denied his right to be tried within 120 days of the date that the Superior Court first ordered the return of the defendant to Cowlitz County, and that this delay was in violation of RCW 9.98.010, and thus the Superior Court no longer has jurisdiction over this matter.

We cannot agree with the trial court's application of RCW 9.98.010 to this set of facts. RCW 9.98.010 makes a defendant's formal request for disposition a prerequisite to the commencement of the running of the 120-day time period. *State v. Rolax*, 7 Wn. App. 937, 940, 503 P.2d 1093 (1972); *State v. Johnson*, 79 Wn.2d 173, 176, 483 P.2d 1261 (1971). It is undisputed that defendant did not request disposition

of the pending information against him until March 21, 1975. Defendant argues it was impossible for him to satisfy the request requirement earlier because he was not aware of the pending charge. This raises an entirely separate issue, unrelated to the jurisdictional time limits established in RCW 9.98.010-.020. Whether or not the authorities at Monroe complied with their duty under RCW 9.98.040 to inform defendant of the charge pending against him and his right to request disposition thereof (the trial court made no finding on this issue), the fact remains on the face of the record that defendant's case was set for trial on April 16, 1975, less than 30 days from the date of defendant's formal request for disposition of the charges. Whether the defendant was properly and timely informed of his rights by the authorities at Monroe, and, if not, whether he was prejudiced thereby, are not issues before this court.

The defendant contends his request for disposition of the charges against him was mere surplusage, having been rendered unnecessary by the State's request for defendant's return in October of 1974. In support of this argument, defendant cites RCW 9.98.040 which provides that nothing in the preceding sections shall be construed as preempting the right of the superior court, on the motion of the prosecuting attorney, to order the return of the prisoner to the county for trial. Defendant asserts that the 120-day time limit imposed in RCW 9.98.010 should also be applied to situations where the prosecutor has requested defendant's return and should commence running from the date of such request. We disagree. There is no indication on the face of the statute that the legislature intended defendant's suggested interpretation of RCW 9.98.040. In the absence of a prisoner's request for disposition of charges against him, pursuant to RCW 9.98.010, the State is bound only by the speedy trial safeguards provided in CrR 3.3. That rule provides that a defendant must be brought to trial *within 60 days of his preliminary appearance* if he is unable to obtain pretrial release, CrR 3.3(c), or *within 90 days of his preliminary appearance* in all other cases, CrR 3.3(b). Defend-

ant's initial appearance on the instant charge was on March 27, 1975. The case was dismissed on April 4, 1975. He was not denied his right to a speedy trial by the State as prescribed in CrR 3.3.

Turning to defendant's cross-appeal, we are unable to agree with his contention that his right to a prompt preliminary appearance under JCrR 2.03 was denied. Defendant asserts that the delay between his return to the state of Washington on September 19, 1974, and his arraignment on March 25, 1975, violated the provisions of JCrR 2.03(a)(1):

> Any person arrested for any offense, including capital cases and other felonies and not released shall be taken *without unnecessary delay* before a judge.

(Italics ours.) We find the case of *State v. Keith*, 86 Wn.2d 229, 543 P.2d 235 (1975), controlling. In discussing the application of JCrR 2.03(a)(1) to individuals recaptured after escape from custody, the Supreme Court stated at page 231:

> In the instant appeals, the escapees, upon recapture, were immediately restored to their former status at the institution. The rule in JCrR 2.03(a)(1) requiring a preliminary hearing the next day following arrest, . . . are inapplicable—there being no "arrest."

The order dismissing the information against the defendant is reversed and the cause remanded for trial.

PETRIE, C.J., and PEARSON, J., concur.