[No. 4171-1.   Division One.   November 29, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN JOSEPH DELONG, *Appellant*.

*Brett & Daugert* and *Larry Daugert*, for appellant.

*Michael Redman, Prosecuting Attorney*, for respondent.

HOWARD, J.*—The defendant, John Joseph DeLong, was

---

*Judge Frank D. Howard is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

charged and ultimately convicted of a violation of RCW 74.08.055, willfully subscribing to an application for public assistance which he did not believe to be true. A motion to dismiss was made for failure to comply with CrR 3.3[1] and to try the defendant within 90 days of his first court appearance. Defendant's motion was denied and this appeal resulted.

---

[1]Although CrR 3.3 was amended effective May 21, 1976, the rule in effect at the time of this incident stated:

"(a) **Responsibility of Court.** It shall be the responsibility of the court to ensure to each person charged with crime a speedy trial in accordance with the provisions of this rule.

"(b) **Time Limit.** A criminal charge shall be brought to trial within 90 days following the preliminary appearance.

"(c) **Priority Over Civil Cases.** Criminal trials shall take precedence over civil. A defendant unable to obtain pretrial release shall have priority and the charge shall be brought to trial within 60 days following the preliminary appearance.

"(d) **Excluded Periods.** The following periods shall be excluded in computing the time for trial:

"(1) All proceedings relating to the competency of the defendant to stand trial.

"(2) Preliminary proceedings and trial on another charge.

"(3) Delay granted by the court pursuant to section (e).

"(4) Delay in justice court resulting from a stipulated continuance made of record.

"(5) Delay resulting from the absence of the defendant.

"(6) The time between the dismissal and the refiling of the same charge.

"(e) **Continuances.** Continuances or other delays may be granted as follows:

"(1) On motion of the defendant on a showing of good cause.

"(2) On motion of the prosecuting attorney if:

"(i) the defendant expressly consents to a continuance or delay and good cause is shown; or

"(ii) the state's evidence is presently unavailable, the prosecution has exercised due diligence, and there are reasonable grounds to believe that it will be available within a reasonable time; or

"(iii) required in the due administration of justice and the defendant will not be substantially prejudiced in the presentation of his defense.

"(3) The court on its own motion may continue the case when required in the due administration of justice and the defendant will not be substantially prejudiced in the presentation of his defense.

"(f) **Dismissal With Prejudice.** A criminal charge not brought to trial as required by this rule shall be dismissed with prejudice."

It is undisputed that defendant's trial was 118 days after his first court appearance. Accordingly, defendant's motion must be granted unless defendant has waived his right to a speedy trial or a sufficient period of time is excluded, as provided in the rule, to bring the trial within the 90-day requirement.

The State concedes in its brief, and we agree, that the record of pretrial proceedings does not make a sufficient showing of court congestion to excuse noncompliance with the rule. A sufficient factual record, as required by *State v. Williams*, 85 Wn.2d 29, 530 P.2d 225 (1975), and *State v. Espeland*, 13 Wn. App. 849, 537 P.2d 1041 (1975), was not made.

The State contends defendant's motion was properly denied since the following time should be excluded (1) that involved in competency proceedings, and (2) that necessarily required to hear the motion for change of venue, or, alternatively, defendant's motion for change of venue and conduct in relation thereto amounted to a waiver of his right to a speedy trial.

The only question or discussion of competency occurred at defendant's first court appearance on December 19, 1974:

THE COURT: Do you understand what the information charges you with?
Does he understand?
[Defense counsel]: Your Honor, I'd like to withhold questions of competency at this time.
THE COURT: All right. You may do so. Now, he is apprised, is he not—he's had the benefit of your counsel and advice?
[Defense counsel]: That's right, Your Honor.
THE COURT: And he's apprised of the nature of the offense?
[Defense counsel]: Yes, Your Honor, to the extent that I could explain it to him.
THE COURT: Well, I gather that it's his intention to plead not guilty to this charge. Am I correct?
[Defense counsel]: I'd like to if possible—
THE COURT: You're reserving for the record?
[Defense counsel]: Yes, for the record, and make this only a first appearance so that we can inquire further

into the competency issue prior to entering a plea of guilty or not guilty.

On January 13, 1975, defendant appeared and pleaded not guilty. Nothing else appears in the record relating to competency.

■ There were no competency proceedings which would be excluded under CrR 3.3(d)(1). Only those periods of time are excluded where actual proceedings are initiated with the specific purpose of determining defendant's competency to stand trial. *See State v. Williams*, 14 Wn. App. 803, 545 P.2d 572 (1976); *State v. Cuzick*, 13 Wn. App. 896, 538 P.2d 862 (1975); *State v. Setala*, 13 Wn. App. 604, 536 P.2d 176 (1975).

A defendant, not pleading at his first court appearance and raising the possibility of a plea based on lack of competency, is not involved in "proceedings relating to the competency of the defendant to stand trial" which would be excluded under the rule. Even if the time between the first court appearance and the entry of the not guilty plea was excluded, defendant would not have been tried within 90 days.

■ The time involved in hearing defendant's motion for a change of venue is not excluded. The rule, by specifically including competency proceedings, evidences an intent not to include other pretrial proceedings. The holding and rationale of *State v. Durham*, 13 Wn. App. 675, 537 P.2d 816 (1975), where the court refused to exclude the time necessarily involved in hearing a motion to suppress, is conclusive of this contention.

Defendant on January 13, 1975, made an oral motion for change of venue, filed authorities in support of the motion on February 24, 1975, and the motion was heard on March 10, 1975, the first regularly scheduled motion day after the memorandum was filed. The State urges that defendant's delay in filing material in support of the motion is a waiver of the right to a speedy trial.

■ The doctrine of waiver as it existed prior to the adoption of CrR 3.3 has been severely limited, although not

entirely abrogated. The right is waived by failing to move for dismissal prior to trial. *State v. Williams*, 85 Wn.2d 29, 530 P.2d 225 (1975). Defendant's motion was timely in this respect. The defendant can explicitly waive the right, but such waiver must clearly appear from the record. *State v. Williams*, 14 Wn. App. 803, 545 P.2d 572 (1976). The record is clear that defendant, despite considerable delay in filing authorities in support of his motion to change venue, did not waive his right to trial within 90 days.[2]

---

[2]On February 10, 1975, the following proceedings took place:

"[Prosecutor]: I would think it would be appropriate, Your Honor, to set this case for trial. If we have this omnibus hearing and consider the related matters in the second or third week of March, the state would be ready to proceed to trial in April, if the defense would.

"[Defense counsel]: Well, the defendant does not waive the 90-day rule.

"THE COURT: Well, I don't think it makes any difference whether he waives it. I mean by this . . . that these fall within—you correct me if you think the Court's in error, but I would say that these preliminaries that we're now engaged in have already extended the original 90-day rule. Do you not feel that that's the situation? If it isn't, I'll do something else today.

". . .

"THE COURT: You see, I would—and you may take a different view—I feel the very fact that you filed a motion for change of venue on February 5, 1975, constitutes the defendant on his own motion having removed himself from the strict 90-day rule.

"[Defense counsel]: Your Honor, if defendant excepts to that position then defendant will except and move to dismiss any information that is not brought to trial within 90 days.

". . .

"[Defense counsel]: Surely, Your Honor. I understand that, Your Honor. May I say for the record that it was my impression that the defendant had his first appearance in court on or about the 18th day of December—

"THE COURT: I can give you that information.

"[Defense counsel]: The 90-day rule therefore would expire on about the 17th day of March. Well, actually, if it was 90 days it would be closer to the 18th day of March. The defendant objects to any setting after that date without a showing by affidavit that it's required in the due administration of justice, and so that we can have an opportunity to controvert that application.

"The defendant, but for the motions that he's made before you today, Your Honor, is ready for trial. It is my position—

"THE COURT: No, he isn't . . . No, he is not. Unless you wish to request the Court to withdraw your motion for a change of venue. If

The judgment is reversed with directions to dismiss the action.

CALLOW and ANDERSEN, JJ., concur.

Petition for rehearing denied February 23, 1977.

Review denied by Supreme Court September 29, 1977.

he's ready for trial today he'll get it in San Juan County. But you have a motion for a change of venue which is instituted and instigated by the defendant.

"[Defense counsel]: That's true, Your Honor. No question about that.

"THE COURT: And I feel that that has interrupted the normal 90-day course. But I'll approach that too, gentlemen, if we can't get a trial by the 17th of March."