[No. 44158.    En Banc.    December 23, 1976.]

THE STATE OF WASHINGTON, *Petitioner*, v. MICHAEL D. WILLIAMS, *Respondent*.

*Guy Glenn, Prosecuting Attorney,* for petitioner.

*Hoff & Cross,* by *Neil J. Hoff,* for respondent.

UTTER, J.—This court granted a petition to review a decision of the Court of Appeals (*State v. Williams,* 14 Wn. App. 803, 545 P.2d 572 (1976)). That decision reversed the conviction of Michael D. Williams for assault in the first

degree and dismissed the information on the grounds that the trial was not held in a timely fashion and that the defendant had not waived his right to a speedy trial. We affirm the Court of Appeals on both grounds.

On April 12, 1974, Michael Williams was arrested and brought before a district court judge for his preliminary appearance hearing. On that date, counsel was appointed, bail set, and he was bound over for trial to superior court. Fifty-five days after his initial appearance, on June 6, the defendant was arraigned in superior court and entered a plea of not guilty. After conferring with counsel, he also signed a document on June 6 waiving his right to be tried within 90 days. The defendant had, at that time, been in custody since the day of his arrest. No date was set for trial. (His attorney of record at that time did not represent him at trial or on this appeal.)

On June 10, the 59th day after his arrest, following two suicide attempts, the defendant was placed involuntarily under a civil commitment in Western State Hospital for a 72-hour observation stay pursuant to RCW 71.05.150.[1] Following the expiration of the 72-hour period, further confinement could have been ordered, if warranted, by holding an additional probable cause hearing and the entry of an order. RCW 71.05.200, .230, and .240. Such a hearing was not held, however. On June 24, an order committing the defendant to Western State Hospital for a period not to exceed 15 days for the purpose of determining competency to stand trial was entered by the Superior Court. The defendant remained in the hospital until June 30, 79 days after his initial appearance, at which time he was released on personal recognizance. Nothing appears in the record to explain by what authority the defendant was in custody at

---

[1] "(1) (a) When a mental health professional designated by the county receives information alleging that a person, as a result of a mental disorder, presents a likelihood of serious harm to . . . himself . . . such mental health professional . . . may summon such person to appear at an evaluation and treatment facility for not more than a seventy-two hour evaluation and treatment period." RCW 71.05.150.

the hospital from June 13, when his 72-hour detention under the civil commitment expired, to June 24, the date of his commitment to determine competency. The defendant moved to dismiss his case on July 30, 1974, 109 days after the initial appearance for noncompliance with CrR 3.3. That motion was denied and trial began on the same day.

The first question on appeal is whether defendant's right to a speedy trial, as implemented by CrR 3.3 was violated.[2]

[2]"(a) **Responsibility of Court.** It shall be the responsibility of the court to insure to each person charged with crime a speedy trial in accordance with the provisions of this rule.

"(b) **Time Limit.** A criminal charge shall be brought to trial within 90 days following the preliminary appearance.

"(c) **Priority Over Civil Cases.** Criminal trials shall take precedence over civil. A defendant unable to obtain pretrial release shall have priority and the charge shall be brought to trial within 60 days following the preliminary appearance.

"(d) **Excluded Periods.** The following periods shall be excluded in computing the time for trial:

"(1) All proceedings relating to the competency of the defendant to stand trial.

"(2) Preliminary proceedings and trial on another charge.

"(3) Delay granted by the court pursuant to section (e).

"(4) Delay in justice court resulting from a stipulated continuance made of record.

"(5) Delay resulting from the absence of the defendant.

"(6) The time between the dismissal and the refiling of the same charge.

"(e) **Continuances.** Continuances or other delays may be granted as follows:

"(1) On motion of the defendant on a showing of good cause.

"(2) On motion of the prosecuting attorney if:

"(i) the defendant expressly consents to a continuance or delay and good cause is shown; or

"(ii) the state's evidence is presently unavailable, the prosecution has exercised due diligence, and there are reasonable grounds to believe that it will be available within a reasonable time; or

"(iii) required in the due administration of justice and the defendant will not be substantially prejudiced in the presentation of his defense.

"(3) The court on its own motion may continue the case when required in the due administration of justice and the defendant will not be substantially prejudiced in the presentation of his defense.

"(f) **Dismissal With Prejudice.** A criminal charge not brought to trial as required by this rule shall be dismissed with prejudice." CrR 3.3, as worded prior to amendment May 21, 1976.

CrR 3.3(b) requires a criminal charge to be brought to trial within 90 days following the preliminary appearance. Where the defendant has been unable to obtain pretrial release, however, CrR 3.3(c) requires his trial within 60 days of the preliminary appearance. Violation of either provision requires dismissal of the charge. CrR 3.3(f). The defendant's justice court appearance commenced the running of the time limit. *State v. Parmele,* 87 Wn.2d 139, 550 P.2d 536 (1976).

■ There are excluded periods provided by rule CrR 3.3(d). Those relevant to this proceeding are CrR 3.3(d)(1), "[a]ll proceedings relating to the competency of the defendant to stand trial", and arguably, CrR 3.3(d)(5), "[d]elay resulting from the absence of the defendant." The 7 days the defendant was confined from June 24 to 30 are excludable by virtue of CrR 3.3(d)(1). During that time the defendant was confined to the hospital pursuant to RCW 10.77.060 for the express purpose of determining his competency to stand trial. This is the only time clearly excludable by the rules. The exclusion provided for by CrR 3.3(d)(1), by its terms, relates to only competency proceedings and cannot be used as a basis for exclusion of the period of civil commitment or any other time during which the defendant was held for other than competency hearings. *State v. Cuzick,* 13 Wn. App. 896, 538 P.2d 862 (1975); *State v. Setala,* 13 Wn. App. 604, 536 P.2d 176 (1975). *See Jackson v. Indiana,* 406 U.S. 715, 32 L. Ed. 2d 435, 92 S. Ct. 1845 (1972), and *Commonwealth v. Harris,* 243 A.2d 408 (Pa. 1968).

*State v. Bloomstrom,* 12 Wn. App. 416, 529 P.2d 1124 (1974), *review denied,* 85 Wn.2d 1009 (1975), is not necessarily in conflict with this holding. There, a period necessary to evaluate the defendant, after he had entered a plea of not guilty by reason of insanity, was held excludable. Bloomstrom's confinement was not to determine his competency to stand trial and therefore did not automatically stay the application of the rule. The court, however, apparently relied on continuances granted by the court pursuant

to CrR 3.3(e) in holding the time of his confinement to be excluded under the rule.

The defendant was not "absent" within the meaning of CrR 3.3(d)(5). The *Washington Proposed Rules of Criminal Procedure* (1971) indicate that the *ABA Standards Relating to Speedy Trial* § 2.3 (Approved Draft, 1968) served as a basis for the section. The American Bar Association draft indicated "[a] defendant should be considered absent whenever his whereabouts are unknown and in addition he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence."[3] The defendant's whereabouts were known during his entire confinement at Western State Hospital. The action of a county health officer was, in fact, the cause of his involuntary commitment.

There is, in addition, no showing that his presence could not be attained or that the county made any effort to seek his return for a trial. There is an affirmative duty on the trial court to furnish a record of reasons for failure to comply with the time limits of the rules. The need for this is twofold: first, to furnish a basis for appellate review of discretion; and, second, to articulate facts upon which the court acts so appellate review can lead to precedential guidelines as to what factors justify delay. *State v. Jack*, 87 Wn.2d 467, 553 P.2d 1347 (1976); *State v. Espeland*, 13 Wn. App. 849, 537 P.2d 1041 (1975). This was not done here.

The State argues that even if defendant was not brought to trial within time limits of the rule, he nonetheless waived his rights to a speedy trial. The defendant may waive his right to a speedy trial explicitly or by failure to move for dismissal prior to trial. *State v. Williams*, 85

---

[3] *ABA Standards Relating to Speedy Trial* § 2.3 (Approved Draft, 1968) also noted "[a] defendant should be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained or he resists being returned to the state for trial." The Washington rule relevant to this case allows an exclusion only on the basis of absence and not on unavailability. The rule has been amended effective May 21, 1976, to include the unavailability element. The defendant must now be both "absent and thereby unavailable." CrR 3.3(f).

Wn.2d 29, 530 P.2d 225 (1975). The right to a speedy trial is a fundamental right. *Klopfer v. North Carolina*, 386 U.S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988 (1967). Courts indulge every reasonable presumption against the waiver of such rights. *Little v. Rhay*, 8 Wn. App. 725, 509 P.2d 92 (1973); *Johnson v. Zerbst*, 304 U.S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019 (1938).

Respondent signed a waiver of his rights, on the 55th day of confinement, to be tried within 90 days. He was then in custody and the 90-day provision, however, did not apply. CrR 3.3(c). The Superior Court record and the waiver document itself are silent with respect to the details of the defendant's waiver of his right to be tried within 60 days. There is no indication the defendant or his counsel had knowledge of the existence of the 60-day rule nor is there a showing of a knowing waiver with regard to the defendant's rights under this rule. Waiver of a fundamental right cannot be assumed from a silent record. *Barker v. Wingo*, 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972); *see also State v. Williams, supra* at 31-32. The defendant is not bound by the decision or default of his counsel at a time when he did not comprehend his rights. *Humphrey v. Cady*, 405 U.S. 504, 31 L. Ed. 2d 394, 92 S. Ct. 1048 (1972).

The Court of Appeals was "unwilling to presume that on June 6 Williams either (1) was aware that CrR 3.3(c) required the State to commence a trial within 5 days or (2) did acquiesce in a waiver of the mandatory dismissal provision." *State v. Williams*, 14 Wn. App. 803, 807, 545 P.2d 572 (1976). We agree and order the judgment reversed with directions to dismiss the information.

STAFFORD, C.J., ROSELLINI, HUNTER, HAMILTON, WRIGHT, BRACHTENBACH, and DOLLIVER, JJ., and WIEHL, J. Pro Tem., concur.