838

[Nos. 2101-2; 2102-2.    Division Two.    January 31, 1977.]

THE STATE OF WASHINGTON, *Respondent*, v. LARRY DONZELL YOUNG, *Appellant*.

*James S. Witt III*, for appellant (appointed counsel for appeal).

*Donald Herron, Prosecuting Attorney*, and *S. J. Witt, Deputy*, for respondent.

HAMILTON, J.*—Defendant appeals from a conviction on a rape charge, after a trial October 6, 1975, and conviction on a robbery charge after a trial October 15, 1975. He makes two assignments of error: first, that the trial court erred in allowing the State to cross-examine appellant as to the nature of prior felony and misdemeanor convictions admitted to on his direct testimony; and second, that the trial court erred in refusing to dismiss the pending charges for violation of CrR 3.3(c).

The use of prior convictions for the purpose of im-

---

*Judge Jay W. Hamilton is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

peaching the credibility of a criminal defendant is established by statute. RCW 10.52.030. Our courts have repeatedly held that this impeachment includes the introduction of evidence as to the *nature* of the crime. *State v. Brewster*, 75 Wn.2d 137, 449 P.2d 685 (1969) was cited by the court in *State v. Stevenson*, 16 Wn. App. 341, 344, 555 P.2d 1004 (1976) for authority that "A witness may be examined as to any matter the record of conviction will show." The court recognized, in the *Stevenson* case, that "a witness may be cross-examined concerning the contents of the indictment or information upon which the conviction was based."

The trial court in the instant case did not commit error in allowing the deputy prosecutor to cross-examine defendant as to the nature of his prior convictions.

The second assignment of error presents a more substantial question. Defendant had been convicted of rape and sentenced to the Department of Institutions, but was free on appeal bond when the rape and robbery charges which are the subject of this appeal were filed. He absconded from Washington, and in 1974 his rape conviction was upheld. He was returned to Washington subsequently, and appeared in court on July 8, 1975; a trial date on the "new" rape charge was set for October 6, 1975 (88 days later) and on the robbery charge October 15, 1975 (97 days later).

Defendant cites CrR 3.3(c), and argues that a defendant unable to obtain pretrial release shall have priority and the charge must be brought to trial within 60 days of the first court appearance; that neither charge was, so both should be dismissed with prejudice in accordance with CrR 3.3(g).

The State answered that the 60-day rule was not applicable since defendant was not being deprived of his freedom because of the pendency of the *current* criminal charges, but as a result of the earlier rape conviction and sentence. Further, the State pointed out that defendant's counsel at the first court appearance cited RCW 9.98.010, and the trial court was misled into believing it had 120 days within which to have trial held, so defendant should

not be allowed to benefit from any trial delay beyond 90 days so long as it was within 120 days.

> In the case at bench the defendant was legally in custody at the time of his arrest and remained so at all times until his trial. Accordingly, he was not deprived of his liberty for purposes of the speedy trial rule as a result of that arrest.

*State v. Curry*, 14 Wn. App. 775, 777, 545 P.2d 1214 (1976).

> That rule [CrR 3.3(c)] refers to the ability to obtain pretrial release because of the pendency of the *current* criminal charges and is not invoked because of an inability to obtain release due to other matters.

*State v. O'Neil*, 14 Wn. App. 175, 176, 540 P.2d 478 (1975).

CrR 3.3(b) provides that a criminal charge must be brought to trial within 90 days following the preliminary (or first court) appearance. The rape charge was so brought to trial, but the robbery charge was not.

■ What effect does RCW 9.98.010 have upon the timeliness of trial on the robbery charge? RCW 9.98.010 provides in relevant part:

> (1) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of this state, and whenever during the continuance of the term of imprisonment there is pending in this state any untried indictment, information or complaint against the prisoner, he shall be brought to trial within one hundred twenty days after he shall have caused to be delivered to the prosecuting attorney and the superior court of the county in which the . . . information . . . **is** pending written notice of the place of his imprisonment and his request for a final disposition to be made . . .

That statute requires a defendant to make a written request for disposition as a prerequisite to the commencement of the running of the 120-day time period. *State v. Rising*, 15 Wn. App. 693, 552 P.2d 1056 (1976). No such formal request was made here; counsel for defendant mentioned the statute but his colloquy with the court falls far short of the requirements stated in the statute. This court finds that RCW 9.98.010 was not here invoked, so a deter-

mination of what effect CrR 3.3 has upon that statute, if any, need not be made.

The 90-day rule (CrR 3.3(b)) applies here. The rape trial was held within that period, and the trial court's denial of defendant's motion to dismiss is affirmed.

The robbery trial was not held within the 90-day period, and the trial court erred in denying defendant's motion to dismiss; that order is reversed and the cause is dismissed with prejudice.

PETRIE, C.J., and JOHNSON, J. Pro Tem., concur.

Petition for rehearing denied February 14, 1977.

Review denied by Supreme Court June 28, 1977.