[No. 3888–II. Division Two. June 30, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. MICHAEL
REN NELSON, *Appellant.*

*Benjamin H. Settle,* for appellant.

*Byron E. McClanahan, Prosecuting Attorney,* and *Richard C. Adamson, Deputy,* for respondent.

PETRIE, J.—Defendant, Michael Ren Nelson, appeals his conviction of second–degree murder. RCW 9A.32.050. We hold that the trial court did not err by denying Nelson's motion to dismiss this case under CrR 3.3; and we further conclude that defendant's other assignments of error have no merit. Accordingly, we affirm the judgment and sentence.

On September 2, 1976, defendant visited the home of Richard Rowe. Nelson, Rowe, and another individual argued over the division of property which they had stolen earlier in the day. According to Rowe's girlfriend, Rowe became angry and grabbed a gun after Nelson threatened her with a knife. Defendant left the premises and Rowe shot at his car as he was leaving the area.

Nelson drove to his wife's residence and procured a gun. He then drove back to Rowe's home, allegedly to try to "make peace." As he approached the driveway, he spotted a black sedan leaving the premises. He believed the car belonged to Rowe and that Rowe was coming to get him. After stopping his vehicle, defendant began shooting at the sedan from a distance of 100 yards. The car did not belong to Rowe, but rather was owned by the victim, Willis Burnett. Mr. Burnett had been visiting his sister, whose house shared a driveway with Rowe's home. Mr. Burnett was struck in the head by a bullet and died shortly thereafter.

Trial before a jury was held in late October. Nelson was found guilty and appealed. In an unpublished opinion, this court reversed defendant's conviction because of an improper jury instruction. *State v. Nelson,* 19 Wn. App. 1027 (1978). The State's petition for review in the Supreme Court was denied. *State v. Nelson,* 90 Wn.2d 1021 (1978). The case was mandated by this court on October 9, 1978. Unfortunately, although the mandate was transmitted to

the Mason County Superior Court on October 13, copies of the mandate were not sent to either counsel.

In mid–October, defense counsel, who had previously become aware of the Supreme Court's denial of review, informed defendant that he had a right to be tried 60 days from the date of the mandate and that he would probably be tried in late November or early December. Counsel also indicated that defendant could waive his right to a speedy trial and that he (defense counsel) could not handle the case unless it was delayed until January 1979. Nelson orally agreed to waive his rights, and his counsel prepared and sent to the State Penitentiary at Walla Walla a written waiver for defendant's signature. Nelson never returned the document.

In mid–November, the deputy prosecutor discovered that the case had been mandated several weeks earlier. He informed defense counsel, and the two met to discuss the problem. By this time, defense counsel had become aware that defendant's parole had been revoked on a 1972 drug charge. In any event, defense counsel informed the prosecutor that they were dealing with the "90–day rule" of CrR 3.3(b) because defendant was being held in custody on another matter. The two agreed that retrial would be held in February 1979 and that a date would be set after defendant returned the written waiver.

In mid–December, when defendant still had not returned the waiver, the prosecutor decided to bring him to Mason County to clarify the matter. Defendant arrived in Mason County on December 21. That same afternoon, the prosecutor learned for the first time that the maximum term for the 1972 conviction had expired in May 1977, and that there was no other lawful reason to detain defendant in Walla Walla.

Defendant's motion to dismiss was heard on December 22. Both counsel described the sequence of events leading up to the motion to dismiss; their accounts were substantially the same. Defendant informed the court that he did not wish to waive his right to a speedy trial.

The trial court concluded that defendant should have been processed under the 60–day rule of CrR 3.3(c). The court, however, also determined that defendant had waived his right to be tried within 60 days during his mid–October conversation with his attorney. Trial was set for December 26. Defendant and his counsel then asked for and received a continuance until January 23 with the explicit understanding that the change of trial date from December 26 to January 23 would not affect the speedy trial issue.

Trial was held in January 1979. The jury found defendant guilty and also, by special verdict, determined that he was armed with a deadly weapon at the time of the offense. RCW 9.95.040. Nelson again appealed to this court.

The only significant issue presented by this case is the propriety of the trial court's denial of defendant's motion to dismiss. We find that the matter properly came within the 90–day rule and, therefore, affirm the trial court's ruling.

The former version of CrR 3.3, which controls these proceedings, did not specify the date from which the 60/90–day period commences when a criminal defendant is granted a new trial following a successful appeal.[1] We are satisfied, however, that the retrial period should commence from the date of the receipt of the mandate by the lower court. *See ABA Standards Relating to Speedy Trial* § 2.2(c) (Approved Draft, 1968). The date of the lower court's receipt of the mandate, rather than the date of its issuance, retriggers the rule because that is the date the trial court is put on notice that the appellate review process has terminated. *See* Comment, *ABA Standards* § 2.2(c). *See also* RAP 12.2; 12.5.

---

[1]The current version of CrR 3.3(b)(4), effective November 17, 1978, states:

A defendant who is to be tried again following . . . an appeal . . . shall be tried within 90 days or 60 days . . . from the date of . . . the receipt of the mandate of the appellate court.

Because defendant's case was pending as of the effective date of the 1978 amendments to CrR 3.3, it was controlled by the earlier version of the rule. CrR 1.3(a); *State v. Barton*, 19 Wn. App. 322, 575 P.2d 730 (1978). Unless otherwise stated, all references to CrR 3.3 in this opinion refer to the pre–1978 version.

Having determined that the time period in which defendant was to be tried commenced on October 13, 1978, we now address the crucial question: Was defendant subject to the 60–day period of CrR 3.3(c) or the 90–day period of CrR 3.3(b)?[2] We hold the 90–day provision governs the disposition of this appeal.

█ An individual who is serving a sentence on an earlier conviction is not "unable to obtain pretrial release" under CrR 3.3(c) because of the pendency of current criminal charges. *State v. O'Neil,* 14 Wn. App. 175, 540 P.2d 478 (1975). Accordingly, he is entitled only to be tried within 90 days from the date of the preliminary appearance or, as in this case, from the date the mandate was received by the lower court. *State v. Keith,* 86 Wn.2d 229, 543 P.2d 235 (1975); *State v. Hanson,* 14 Wn. App. 625, 544 P.2d 119 (1975). Both counsel and the trial court, however, were convinced that, because the State had no authority to imprison defendant on the basis of the 1972 conviction after the expiration of the maximum term, *State v. Mortrud,* 89 Wn.2d 720, 575 P.2d 227 (1978), defendant was entitled to be tried within 60 days from the date of the receipt of the mandate. We disagree.

Defendant's continued incarceration at Walla Walla did not result from any judicial error of commission or omission, but rather was the result of an executive error. As stated in *State v. Christianson,* 17 Wn. App. 264, 266, 562 P.2d 671 (1977):

> The [speedy trial] rule is a directive from the Supreme Court to the superior court that a confined defendant be released by the judicial branch or be tried within 60 days. The rule makes no pretense of directing procedures in the executive or legislative branches.

---

[2]CrR 3.3 provided in relevant part: .

"(b) . . . A criminal charge shall be brought to trial within 90 days following the preliminary appearance.

"(c) . . . Criminal trials shall take precedence over civil. A defendant unable to obtain pretrial release shall have priority and the charge shall be brought to trial within 60 days following the preliminary appearance."

*Accord, State v. Ogden,* 21 Wn. App. 44, 584 P.2d 957 (1978).

Here, without some action on the part of defendant, the Mason County Superior Court had no obligation to inquire into the precise nature of Nelson's continued confinement or to secure his release from the penitentiary. There is no doubt that the trial court, the prosecutor, and defense counsel were all unaware that defendant's incarceration on the 1972 charge was improper until the afternoon of December 21. Therefore, from October 13 to December 21, 1978, defendant was not entitled to a trial priority as a "defendant *unable* to obtain pretrial release" under CrR 3.3(c). (Italics ours.) Defendant's scheduled retrial for December 26 was within the applicable 90-day time period of CrR 3.3(b). We find no error in the trial court's denial of defendant's motion to dismiss this case on speedy trial grounds.

In view of our holding, we do not reach the issue of the validity of defendant's oral waiver. We do note, however, that at least under the pre-1978 version of the speedy trial rule, an accused's waiver of his right to be tried within the established time periods must clearly appear from the record. *State v. DeLong,* 16 Wn. App. 452, 557 P.2d 14 (1976); *State v. Williams,* 14 Wn. App. 803, 545 P.2d 572 (1976).

Defendant's remaining arguments are readily answered. Defendant did not present evidence that would justify the use of deadly force. RCW 9A.16.050. The trial court therefore acted properly in refusing his proposed instructions on that issue. *State v. Moore,* 61 Wn.2d 165, 377 P.2d 456 (1963). In addition, defendant's contention regarding the prosecution's use of an assault as the underlying felony to support a felony-murder charge has been conclusively resolved contrary to his position. *State v. Wanrow,* 91 Wn.2d 301, 588 P.2d 1320 (1978).

618

Judgment affirmed.

REED, C.J., and PETRICH, J., concur.