The **UNITED STATES**

v.

Anthony John **CAPPUCCI** et al.

Crim. No. 72–14.

United States District Court, E. D. Pennsylvania.

May 19, 1972.

Carl J. Melone, U. S. Atty., C. Oliver Burt, III, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Anthony John Cappucci, pro se, Assisted by Martin Light, Brooklyn, N. Y., for defendant.

## MEMORANDUM

NEWCOMER, District Judge.

Defendant Anthony Cappucci was arrested on the charges now pending before this Court, in New York City on October 13, 1971. At the time, he happened to be awaiting sentence on a different Federal charge. On October 15, 1971, he was sentenced on that charge by the District Court for the Eastern District of New York and was committed to the Federal Correctional Institution at Danbury, Connecticut to serve his sentence. On January 14, 1972 he was brought from Danbury to Philadelphia for arraignment on the charges now before the Court. On January 15th he was returned to Danbury.

Defendant has filed a *pro se* motion in this case "To Dismiss Any and All Outstanding Indictments, Information, (sic) or Complaint for Lack of Prosecution Pursuant to the 'Interstate Agreement on Detainers Act', Article IV, Paragraph E.".

■■ The Interstate Agreement on Detainers Act (18 U.S.C. App. p. 80) was passed in 1970. This legislation was prompted by the problems which had arisen when two jurisdictions had charges outstanding against a single person. Often one jurisdiction would try, convict and incarcerate the person, and the other jurisdiction would merely

lodge a detainer against the person and wait to try him until his release by the first jurisdiction. This would sometimes result in a trial many years after the crime. The Act was designed to meet these problems. It is a compact which is binding on the United States and such States as have adopted it.

Article I of the Act speaks directly to the scope and purposes of the Act thus:

" . . . it is the policy of the party States and the purpose of this agreement to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints. The party States also find that proceedings with reference to such charges and detainers, when emanating from another jurisdiction, cannot properly be had in the absence of cooperative procedures. It is the further purpose of this agreement to provide such cooperative procedures.".

■ Article II(a) of the Act makes it clear that the term "State" as used in the Act means *inter alia* the United States.

Under Article III(a) of the Act, subject only to certain exceptions not important here, the prisoner must be tried within one hundred eighty (180) days after the prisoner

" . . . shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint . . ."

Article V(a) of the Act provides that the prisoner will be made available to the State where charges are outstanding, and Article V(c) specifically provides that

"If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information, or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in article III or Article IV hereof, the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.".

■ Insofar as relief under this section of the Act is specifically conditioned on the making of formal demand by the prisoner for speedy trial under Article III of the Act, this section of the Act is, or course, inapplicable to the present case since no such demand has ever been made by defendant Cappucci. The Court notes this fact not because defendant Cappucci has raised it directly, but because in dealing with a *pro se* motion by a defendant, it is the policy of the Court to consider all relevant arguments which are even suggested by the wording of the motion.

Defendant's specific claims arise under Article IV of the Act. Article IV(a) of the Act provides that even if a prisoner does not request speedy disposition under the Act

"[t]he appropriate officer of the jurisdiction in which an untried indictment, information, or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party State made available in accordance with article V(a) hereof upon presentation of a written request for temporary custody or availability to the appropriate authorities of the State in which the prisoner is incarcerated.".

■ This provision places no obligation on the State with outstanding charges to try the prisoner of another State absent a demand by the prisoner, but gives it the right to do so if for

some reason it wishes to. If the State elects to acquire a person for trial under this provision, however, it must try the person within one hundred twenty (120) days after it has acquired the prisoner pursuant to Article IV(c) (again subject to exceptions not here important) or the charges will be dismissed pursuant to Article V(c), supra. Further, Article IV(e) provides

> "If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.".

This is the specific provision under which the defendant claims a remedy in this case.

 In order to claim a remedy under this provision, a prisoner must allege that one jurisdiction has requested his transfer from another jurisdiction for trial and returned him without trying him to the first jurisdiction. Under the Act, the United States is one jurisdiction. Therefore, this section is not applicable. A Federal prisoner has no vested right under this Act to be held in any given Federal prison pending trial as long as he is not transferred from some jurisdiction other than Federal jurisdiction to Federal jurisdiction for trial and transferred back to the sending State without being tried. No provision of this Act applies to outstanding charges of the same jurisdiction in which the prisoner is already incarcerated. Further it should be noted that the purpose of this Act is to obtain speedy disposition of outstanding charges. The defendant was arrested on the charges now pending before this Court on October 13, 1971 and is listed for trial on those charges before this Court on May 22, 1972 at 10:00 a. m.

Neither the letter nor the spirit of the law has been violated in this case. Therefore the defendant's Motion is denied.