[No. 5460-1. Division One. May 8, 1978.]

THE STATE OF WASHINGTON, *Respondent*, v. REGINALD KARL BREAUX, *Appellant*.

42

*John R. Muenster* of *Seattle–King County Public Defender,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Diane G. Geiger, Deputy,* for respondent.

PER CURIAM.—Reginald Breaux appeals from his conviction and sentence on a charge of robbery. He claims that he was denied the right to a speedy trial under article 1, section 22 of the Washington Constitution and the sixth amendment to the United States Constitution.

In Seattle, on the evening of January 2, 1976, two men grabbed a woman's purse and ran. A witness chased the men and noted the license number of the car in which they escaped. The car was licensed to Breaux. At all times relevant to this appeal, Breaux was a member of the U.S. Army, stationed at Fort Lewis, Washington, and maintained a residence for his family in Seattle.

On January 3, 1976, Breaux reported to the police that his car had been stolen. In so doing, he gave the police both his Seattle address and the address and telephone number of his army unit at Fort Lewis. The information was later included in a police suspect information report. On February 6, 1976, Breaux was charged with robbery by information. A warrant for his arrest was issued at that time accompanied by a criminal warrant information form which contained the information Breaux had given the police concerning his whereabouts.

Seven months later, on September 7, 1976, Breaux was arrested at Fort Lewis. He was brought to trial on December 15, 1976, after several agreed continuances. No pretrial motion was made on his behalf challenging the failure to provide a speedy trial and it was not until the close of the defense case that Breaux' counsel first raised the issue of speedy trial by a motion to dismiss. He explained, "I waited until now because I wanted the Court to have the benefit of what we could show." The motion was denied and the jury returned a guilty verdict.

A defendant's right to a speedy trial is as fundamental as any of the rights secured by the sixth amendment to the United States Constitution and is applied to the states by the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988 (1967). The right

is also guaranteed by article 1, section 22 of the state constitution. CrR 3.3(b) defines the term "speedy trial" by providing that a criminal charge shall be brought to trial within 90 days following the preliminary appearance.

■■ Where an accused has been amenable to process from the time of the filing of an information until his arrest, CrR 3.3 must be deemed to operate from the time the information was filed. *State v. Striker,* 87 Wn.2d 870, 557 P.2d 847 (1976). This principle is founded on both state and federal constitutions. *United States v. Marion,* 404 U.S. 307, 30 L. Ed. 2d 468, 92 S. Ct. 455 (1971); *State v. Jestes,* 75 Wn.2d 47, 448 P.2d 917 (1968). More than 300 days passed between the filing of the information and Breaux' trial. This is a prima facie violation of the constitutional right to speedy trial and CrR 3.3.

A defendant has no duty to bring himself to trial. *Barker v. Wingo,* 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972). The right to a prompt inquiry into criminal charges is fundamental and the duty of the charging authorities is to provide a prompt trial. *Dickey v. Florida,* 398 U.S. 30, 26 L. Ed. 2d 26, 90 S. Ct. 1564 (1970).

■ The trial court held that the State had discharged its burden to provide a speedy trial. But when fundamental constitutional rights are at issue, we are required to make our own independent examination of the record to determine whether such rights have been denied. *Haynes v. Washington,* 373 U.S. 503, 10 L. Ed. 2d 513, 83 S. Ct. 1336 (1963); *State v. Hoffman,* 64 Wn.2d 445, 392 P.2d 237 (1964). Our examination reveals that at all times after the filing of the information, the State knew where Breaux was and he was amenable to process. No reason is reflected in the record for the State's failure to arrest until 7 months after the charges were filed. Breaux did not have a "speedy trial," but this does not resolve the matter.

The question is whether Breaux waived his right to speedy trial by not raising the issue timely. The record reflects that the issue was not raised until *after* both sides had presented evidence but before the defense rested.

There is language in recent Washington decisions, based on a dictum in *State v. Williams,* 85 Wn.2d 29, 530 P.2d 225 (1975), which suggests that the right to a speedy trial issue must be raised before trial or it is waived. *See State v. DeLong,* 16 Wn. App. 452, 557 P.2d 14 (1976); *State v. Sample,* 13 Wn. App. 123, 534 P.2d 125 (1975). Such an answer stated as an inflexible principle is erroneous.

As we recognized in *In re Jeffries,* 15 Wn. App. 302, 548 P.2d 594 (1976), the issue of waiver under the constitutional guaranty of speedy trial is governed by the balancing test enunciated in *Barker v. Wingo, supra,* where the Supreme Court rejected the principle that a defendant who fails to demand a speedy trial forever waives the right. A defendant's assertion of or failure to assert his right to a speedy trial is a factor to be considered in an inquiry into the deprivation of the right. Other factors recognized by the court in *Barker v. Wingo, supra,* are: (1) length of delay, (2) reason for delay, and (3) prejudice to the defendant. The balancing test involves the exercise of judicial discretion by the trial court including due consideration of any applicable procedural rules.

We therefore remand the cause to the trial court with the instruction that it apply the balancing test in *Barker v. Wingo, supra.*

Reversed and remanded.