[No. 6646–1.   Division One.   September 4, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v. DOUGLAS
PONDER, *Appellant*.

*Larry M. Trivett*, for appellant.

*Russell B. Juckett, Prosecuting Attorney*, and *James B.
Roche, Deputy*, for respondent.

WILLIAMS, J.—Douglas Ponder was charged with the
crimes of rape, first–degree assault, and second–degree
assault. Trial to a jury resulted in a judgment of conviction
of all three crimes. The sole issue presented on Ponder's

appeal from the judgment is: Did the trial court err in denying his motion to dismiss for violation of CrR 3.3?

The facts are these: On September 3, 1975, Ponder was charged with the three crimes by a complaint filed in Snohomish County District Court. A warrant was issued and bail set, but the record is silent as to Ponder's whereabouts thereafter until February 7, 1977, when he was arrested in Las Vegas, Nevada, on an unrelated burglary charge.

On April 1, 1977, the State commenced extradition proceedings which Ponder resisted. After he was convicted of the Las Vegas offense and incarcerated in the Nevada State Prison, the Nevada authorities advised this State on July 25, 1977, that the extradition process was terminated, and that it would be necessary to obtain a Governor's Agreement or proceed under the Interstate Detainer Agreement.

On September 7, 1977, the State sent a request for temporary custody pursuant to the agreement on detainers. RCW 9.100. In response, the Nevada authorities, on September 20, 1977, requested certified copies of warrants and criminal complaints which were needed to initiate the State's detainer on Ponder. These documents were sent to Nevada on September 29, 1977.

On October 21, 1977, the State received notice from the Nevada authorities that Ponder would be available for return to Washington upon their receipt of certain forms. Those documents, indicating that the State would take Ponder into custody on or after December 1, 1977, were sent to Nevada on October 27, 1977. On December 9, 1977, the State informed the Nevada authorities that it was unable to pick up Ponder until the first week of January 1978, due to budgetary problems.

On January 4, 1978, Ponder was returned to Washington and taken before the Snohomish County District Court the next day. The original charges were refiled in an information in Superior Court on January 12, 1978, and an arraignment was held on January 16, 1978. A trial date of March 21, 1978, was later set.

On March 20, 1978, Ponder moved to dismiss for denial of his constitutional right to a speedy trial and his rights under CrR 3.3. When this motion was denied, the defense moved for a continuance to April 3, 1978, which was granted. The trial commenced on that date.

Ponder argues that for the purpose of CrR 3.3, 152 days passed between the time his custody became available to the State on October 21, 1977, and his original trial date, and that the State did not exercise due diligence in seeking custody under the agreement on detainers, RCW 9.100. He contends that he was not "unavailable" under CrR 3.3(h) during that time and therefore the time limits of CrR 3.3 were exceeded. *State v. Peterson,* 90 Wn.2d 423, 585 P.2d 66 (1978).

On the merits, the State contends that the record shows due diligence in seeking custody. *State v. Peterson, supra.* It argues that the 90–day rule under CrR 3.3 applies because Ponder was not in custody pursuant to the charges to be tried, but on the Nevada detainer, *State v. O'Neil,* 14 Wn. App. 175, 540 P.2d 478, *review denied,* 86 Wn.2d 1006 (1975), and asserts that the rule was complied with by a preliminary appearance on January 5, 1978, and a trial date of March 21, 1978.

█ CrR 3.3 requires the trial of criminal defendants within a fixed period of time less excluded periods set forth therein.

CrR 3.3(h) provides:

> **Absence of Defendant.** If and in event the defendant is absent and thereby unavailable for trial or for any pretrial proceeding at which his presence is required, the time period specified in section (b) shall start to accrue anew upon defendant's being actually present in the county wherein the criminal charge is pending, and his presence appearing upon the record of the court.

Unavailability under this provision is shown only where the State demonstrates good faith and diligent efforts to obtain the defendant's presence. *State v. Peterson, supra* at 428.

The agreement on detainers, RCW 9.100, assists the State in its efforts to obtain the presence of defendants who are held in penal institutions in other jurisdictions; the statute does not, however, relieve the State from its obligations under CrR 3.3, and it must in good faith use reasonable diligence to obtain the presence of the defendant within the time limits of that rule. If, after demonstrating reasonable diligence, the State is unable to secure the defendant's presence, CrR 3.3(h) is applicable and the time begins to run only upon actual presence of the defendant. *State v. Peterson, supra* at 430–31.

The record of events, recited above, demonstrates that the State did use reasonable diligence in obtaining Ponder's presence. When learning of his whereabouts, the State promptly instituted and pursued extradition until that avenue was closed by Ponder's conviction of a felony and imprisonment in Nevada. The detainer proceeding was then commenced and was followed through. There certainly was good faith; the effort to bring Ponder back was steady and persevering.

The judgment is affirmed.

FARRIS and DORE, JJ., concur.

Reconsideration denied October 18, 1979.

Review denied by Supreme Court December 7, 1979.