[No. 8975–7–I.   Division One.   July 6, 1981.]

THE STATE OF WASHINGTON, *Respondent*, v. BRADLEY
KENNETH KUBITZ, *Appellant*.

*Yvonne Huggins–McLean* of *Seattle–King County Public Defender Association,* for appellant.

768

*Norm Maleng, Prosecuting Attorney,* and *Joanne Y. Maida, Deputy,* for respondent.

CORBETT, J.—Defendant appeals his conviction of five counts of possession of stolen property in the first degree.

Defendant was charged by information on January 17, 1980, with possession of stolen property. His whereabouts were unknown at that time. On January 23, 1980, the Seattle Police Department was notified by Oregon authorities that the defendant was in their custody. On January 31, 1980, the prosecutor sent certified copies of the warrant and information to Oregon. The defendant waived extradition at that time, and by letter dated February 1, 1980, Oregon advised the Seattle Police Department that the defendant was available. On February 27, defendant was returned to King County and on February 29, he was arraigned in Superior Court. A trial date of April 8 was set, and defendant filed a timely motion to dismiss for alleged violation of CrR 3.3. The trial court concluded that the State exercised reasonable diligence in returning defendant to this jurisdiction and denied the motion to dismiss. On April 9, the defendant stipulated to facts sufficient for the court to enter a finding of guilty on each of the five counts of the amended information charging him with five counts of possession of stolen property.

The defendant argues that the trial judge erred in denying his motion to dismiss, pursuant to CrR 3.3. The pertinent version of CrR 3.3(h), as amended November 17, 1978, states:

> **Absence of Defendant.** If and in event the defendant is absent and thereby unavailable for trial or for any pretrial proceeding at which his presence is required, the time period specified in section (b) shall start to accrue anew upon defendant's being actually present in the county wherein the criminal charge is pending, and his presence appearing upon the record of the court.

It is the defendant's position that he was not absent because his whereabouts were known and he was not unavailable because his presence could have easily been obtained. *ABA Standards Relating to Speedy Trial* § 2.3 (Approved Draft, 1968).

This issue was decided against the defendant in *State v. Ponder,* 24 Wn. App. 105, 600 P.2d 609, *review denied,* 93 Wn.2d 1001 (1979). In *Ponder,* Nevada informed this state that the defendant was available on October 21. The defendant was not returned until January 4, the delay being caused by budgetary problems. It is therefore clear that the time limits of CrR 3.3 do not start to run when the foreign jurisdiction announces that defendant is available, as contended by the defendant here. Provided the State acts in good faith and diligently seeks the return of the defendant, the time does not start to run until the defendant is back in the jurisdiction and before the court. *State v. Hattori,* 19 Wn. App. 74, 79, 573 P.2d 829 (1978); *State v. Peterson,* 90 Wn.2d 423, 428, 585 P.2d 66 (1978); *State v. Carpenter,* 24 Wn. App. 41, 47, 599 P.2d 1 (1979).

The finding of the trial court that the State exercised reasonable diligence in returning the defendant to this jurisdiction is supported by substantial evidence and will not be disturbed on appeal. *State v. DeCuir,* 19 Wn. App. 130, 134, 574 P.2d 397 (1978). Because the time does not start to run until the defendant is back before the court, it is not necessary to seek a continuance pursuant to CrR 3.3(h), even though the foreign jurisdiction has announced the defendant is available. Defendant's assignments of error are found to be without merit and the convictions are affirmed.

SWANSON and CALLOW, JJ., concur.

Reconsideration denied August 20, 1981.

Remanded by Supreme Court November 20, 1981.