425 So.2d 621 (1983)
STATE of Florida, Appellant,
v.
Press WIGGINS, Appellee.
No. 82-817.
District Court of Appeal of Florida, Fourth District.
January 12, 1983.
Rehearing Denied February 9, 1983.
Jim Smith, Atty. Gen., Tallahassee, and Andrea T. Mohel, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Charles Peters, Asst. Public Defender, and Barbara White, Legal Intern, West Palm Beach, for appellee.
HERSEY, Judge.
AFFIRMED. Appellee, incarcerated in the Memphis Tennessee Federal Correction Institution, filed a request for final disposition of charges pending against him in Broward County, Florida. Broward County then filed a request for temporary custody in order to bring appellee to trial. Detainers had previously been placed against appellee by both Broward and Palm Beach Counties. The Broward County charges were disposed of in due course. Subsequently, appellee was paroled from federal custody and extradited to Palm Beach County for trial on pending charges. The trial court held that under Section 941.45(3), Florida Statutes (1981) (a section of the Interstate Agreement on Detainers), once a request for final disposition is made it is the duty of the state to treat it as a request for final disposition of all charges pending against appellee for which detainers have *622 been filed. On that basis the trial court dismissed the Palm Beach County charges.
As noted by the United States District Court (Eastern District of Pennsylvania):
In order to claim a remedy under this provision, a prisoner must allege that one jurisdiction has requested his transfer from another jurisdiction for trial and returned him without trying him to the first jurisdiction. Under the Act, the United States is one jurisdiction. United States v. Cappucci, 342 F. Supp. 790, 793 (E.D.Penn. 1972) (emphasis supplied).
Logically, if the United States is one jurisdiction, Florida is also a single jurisdiction. It is axiomatic that
where the language of a statute is clear and unambiguous and conveys a clear and definite meaning, courts should not resort to rules of statutory interpretation and construction. The statute must be given its plain and obvious meaning... . [and a] [c]onstruction of a statute which would lead to an absurd result should be avoided.
Winter v. Playa del Sol, Inc., 353 So.2d 598, 599 (Fla. 4th DCA 1977).
Sections 941.45(3)(d) and 941.45(4)(b) & (e), Florida Statutes (1981), rather clearly provide for notice to those jurisdictions within the state which have filed detainers against the prisoner either when the prisoner requests final disposition or when the state attorney's office requests custody or availability of the prisoner. Upon receipt of this notification, it is the responsibility of each county within the state which filed a detainer to proceed to trial upon any indictments, informations or complaints filed against the prisoner prior to the return of the prisoner to the original place of imprisonment. If trial is not had on any information, indictment or complaint prior to the prisoner's return to the place of incarceration, such charges must be dismissed with prejudice.
In view of the purpose of the Agreement (to effectuate the expeditious disposition of untried indictments or informations which might otherwise hinder efforts of the sending state to treat and to rehabilitate the prisoner) it would be inimical to permit the shuffling of a prisoner between federal prison and the numerous counties of a particular state.
We therefore hold that dismissal of the charges would have been mandated by the application of either Section 941.45(3)(d) or Section 941.45(4)(e), Florida Statutes (1981) and we accordingly affirm the dismissal.
AFFIRMED.
ANSTEAD and WALDEN, JJ., concur.