[No. 12734-9-I. Division One. May 9, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. LARRY E. GILCHREST, *Appellant.*

*Zylstra, Beeksma & Waller* and *Christon C. Skinner,* for appellant (appointed counsel for appeal).

*David F. Thiele, Prosecuting Attorney,* and *David L. Jamieson, Jr., Deputy,* for respondent.

DURHAM, C.J.—Larry E. Gilchrest appeals the order revoking his probation for the crime of rape. He claims that the revocation hearing was not within the time limits prescribed by the interstate Agreement on Detainers. We find no error and affirm.

In May 1980, in Island County, Washington, Gilchrest pleaded guilty to the crime of rape and was given a deferred sentence and placed on probation. In November 1981, Gilchrest was convicted in Texas of burglary with intent to rape, and given a 60–year prison sentence. The prosecuting attorney for Island County subsequently filed a complaint alleging that Gilchrest's Texas conviction violated a condition of his Washington probation. Pursuant to Article 4 of the interstate Agreement on Detainers, RCW 9.100.010, Island County requested temporary custody of Gilchrest for a probation violation hearing. The Texas authorities refused to honor the Article 4 request, asserting that the agreement did not apply to a complaint for probation violation. However, Texas allowed Gilchrest to request disposition of the Washington complaint pursuant to Article 3 of the agreement.

On June 28, 1982, Island County received Gilchrest's Article 3 request for disposition of the untried complaint. Gilchrest was moved from Texas to Island County, and made a preliminary appearance with appointed counsel on July 19. The probation revocation hearing was held on December 1, 1982. Gilchrest moved to dismiss the complaint for failure to hold the hearing within the 120–day limit set forth in Article 4 of the agreement. The court

denied the motion, ruling that the 180–day limit of Article 3 was applicable. After hearing testimony, the court revoked Gilchrest's probation and sentenced him to 40 years' imprisonment, to run consecutively to his Texas prison term. Gilchrest appeals.

Gilchrest argues that the trial court erred in ruling that his probation revocation hearing was within the time limits prescribed by the Agreement on Detainers. The Agreement on Detainers, codified in RCW 9.100.010 *et seq.*, is an interstate compact which establishes procedures for the transfer of a prisoner in one jurisdiction to the temporary custody of another jurisdiction. When a prisoner is incarcerated in one state, and an untried indictment, information or complaint against the prisoner is pending in another state, the agreement provides two procedures for the disposition of the untried charges. The first procedure contemplates a disposition request initiated by the prisoner (Article 3). The second procedure pertains to disposition requests initiated by the prosecuting attorney in the state where charges are pending (Article 4).

In this case the trial court found, and Gilchrest does not dispute, that Island County's custody of Gilchrest was obtained pursuant to his Article 3 disposition request. The applicable portion of Article 3 provides:

> (a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, *he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint:* . . .

(Italics ours.) RCW 9.100.010. The trial court also found that the hearing had occurred before the expiration of the

180–day period provided in this article. However, Gilchrest argues that the time limits of Article 4 are also applicable. We find this argument without merit.

The pertinent portion of Article 4 states:

(c) *In respect of any proceeding made possible by this Article,* trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

(Italics ours.) RCW 9.100.010. By the clear terms of this section, the 120–day time limit is limited to proceedings initiated under Article 4.

Gilchrest emphasizes that the 180–day period of Article 3 begins to run on the date a prisoner's request is delivered to the prosecutor of the receiving state, whereas the 120–day period of Article 4 runs from the date of the prisoner's arrival in the receiving state. The different "triggering" dates, Gilchrest argues, suggest that the 180–day and 120–day time limits are not independent but are jointly applicable to every disposition procedure under the agreement. Gilchrest offers no case authority in support of this position. Indeed, our court has applied only the 180–day period to dispositions initiated under Article 3. *State v. Carpenter,* 24 Wn. App. 41, 47, 599 P.2d 1 (1979). Other state courts have uniformly done likewise. *See People v. Castoe,* 86 Cal. App. 3d 484, 150 Cal. Rptr. 237, 240 (1978); *People v. Bielecki,* 41 Colo. App. 256, 588 P.2d 377, 378 (1978); *People v. Daily,* 46 Ill. App. 3d 195, 360 N.E.2d 1131, 1135 (1977). As noted by the State, Massachusetts has expressly rejected the position argued by Gilchrest. *Commonwealth v. Burke,* 373 Mass. 569, 369 N.E.2d 451, 454 (1977).

Articles 3 and 4 of the agreement clearly provide two independent procedures for disposing of charges pending against prisoners in other jurisdictions. *See Cuyler v. Adams,* 449 U.S. 433, 443, 66 L. Ed. 2d 641, 101 S. Ct. 703

(1981). When statutory language is clear, courts will not alter its obvious meaning. *Griffin v. Department of Social & Health Servs.*, 91 Wn.2d 616, 624, 590 P.2d 816 (1979). The trial court did not err.

The judgment is affirmed.

SWANSON and CALLOW, JJ., concur.

Review denied by Supreme Court August 10, 1984.