**Lorne Chadwin MILLER, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1136.**

Court of Appeals of Alaska.

July 24, 1987.

Linda K. Wilson, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Robert D. Bacon, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Lorne Chadwin Miller pled no contest and was convicted of six counts of theft in the second degree, AS 11.46.130(a)(1), and one count of theft in the third degree, AS 11.46.140(a)(1). Miller, through stipulation with the state and upon court approval, preserved a single issue for appeal: whether the trial court erred in denying his motion to dismiss the prosecution against him because the case was not brought to trial within the 120–day period required by Alaska Rule of Criminal Procedure 45. We therefore have jurisdiction of this appeal. *See Oveson v. Anchorage*, 574 P.2d 801, 803 n. 4 (Alaska 1978); *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974). We affirm.

Miller was convicted of burglary and placed on probation in October 1976. On October 22, 1983, Miller was arrested in Anchorage and charged with first-degree attempted burglary (that charge was later dismissed and his current charges were substituted). On October 26, 1983, he was released on bail. On November 22, 1983, a petition to revoke his probation was filed and a hearing was scheduled on November 30, 1983. Miller failed to appear and a bench warrant was issued.

On December 31, 1983, Miller was arrested on unrelated charges in Santa Maria County, California. The California authorities notified the State of Alaska of Miller's incarceration, and the state filed a detainer on February 29, 1984, covering the probation revocation. On March 8, 1984, an Alaska grand jury returned an indictment against Miller covering the charges to' which he pled in this action. Miller was sentenced to three years for attempted burglary in the California case on March 26, 1984. The state filed a second detainer covering the current charges in California on April 19, 1984, as well as copies of the warrant for Miller and the indictment, and requested the California authorities to indicate the approximate date when Miller would become available for extradition.

On October 26, 1984, while in custody on the California conviction, Miller executed a waiver of extradition to Alaska. On November 6, 1984, the California authorities forwarded Miller's executed waiver of extradition to Alaska. The district attorney's office in Anchorage received the waiver on November 13, 1984, along with the California authorities' signed offer to deliver temporary custody of Miller. On December 10, 1984, Alaska accepted California's offer and arranged for the transport of Miller. However, due to holiday traffic, he was not brought to Alaska until January 4, 1985. He was arraigned on January 6, 1985.

## DISCUSSION

In the trial court, Miller argued that Criminal Rule 45 began to run on October 26, 1984, when he waived extradition, and expired 120 days thereafter. Superior Court Judge Rene J. Gonzalez disagreed. He concluded that the state had exercised due diligence in attempting to retrieve Miller after discovering his whereabouts in California and, consequently, the rule did not begin to run until he was returned to Alaska, in January 1985. In reaching his conclusion, Judge Gonzalez relied on Alas-

ka Criminal Rule 45(d)(6) and *State v. Kubitz*, 29 Wash.App. 767, 630 P.2d 1377, 1378 (1981), citing *State v. Ponder*, 24 Wash. App. 105, 600 P.2d 609 (1979).

Alaska Rule of Criminal Procedure 45(d)(6) provides in relevant part:

(d) *Excluded Periods.* The following periods shall be excluded in computing the time for trial:

    ....

(6) The period of delay resulting from detention of the defendant in another jurisdiction provided the prosecuting attorney has been diligent and has made reasonable efforts to obtain the presence of the defendant for trial. When the prosecution is unable to obtain the presence of the defendant in detention, and seeks to exclude the period of detention, the prosecution shall cause a detainer to be filed with the official having custody of the defendant and request the official to advise the defendant of the detainer and to inform the defendant of his rights under this rule.

Judge Gonzalez concluded that the state had complied with this rule and that the time necessary to effectuate Miller's return to Alaska was properly excludable against the defendant. Alaska R.Crim.P. 45(d)(6). We agree. In our view, Miller was not available for trial until he was returned to Alaska. *See Conway v. State*, 707 P.2d 930 (Alaska App.1985); *Russell v. Anchorage*, 626 P.2d 586 (Alaska App.1981).

On appeal, Miller argues that the state cannot rely upon a detainer to exclude time unless it has first sought, and been refused, extradition. He cites *Conway* for the proposition that "where charges are pending against someone who is detained outside this jurisdiction, the prosecution must attempt to obtain that person's presence for trial, and only if these attempts fail may a detainer be filed." 707 P.2d at 937.

We are satisfied that Miller's reliance on *Conway* is misplaced. Like Miller, Conway was charged with offenses in Alaska and fled the jurisdiction. Conway went to Washington where he was arrested for unrelated charges and later sentenced to prison. Alaska commenced timely extradition procedures but the Washington authorities delayed in returning Conway to Alaska. Significantly, Conway fought extradition. 707 P.2d at 934. We concluded that Rule 45 did not run during the time Alaska was seeking Conway's return.

The language in *Conway* which Miller relies upon is clearly *dicta*, since the state did seek extradition and only relied upon the detainer procedure when extradition could not be immediately obtained. We are satisfied that we should not follow the *dicta* in *Conway*.

Further, the quoted language suggesting that the state must first affirmatively seek to obtain the presence of the defendant, and only where its request is rejected, file a detainer, is, on reconsideration, a misreading of the applicable provision. Construing the provision as a whole, it appears that Rule 45 requires the state to exercise diligence and to make reasonable efforts to obtain the presence of the defendant for trial in order to avoid dismissal. There is nothing in the language of Rule 45 that would preclude the state from initially relying on the interstate Agreement on Detainers (the Agreement), AS 33.35.010, as a means of exercising diligence and reasonable efforts. Such an interpretation brings Rule 45 into conformity with the Agreement. We agree with the state that the Agreement fully protects the defendant's right to a speedy trial, and that a requirement that the state first seek extradition before filing a detainer would serve no useful purpose.

The judgment of the superior court is AFFIRMED.[1]

---

1. The text reflects the views of a majority of this court. I agree with the court that where a

defendant is charged with an offense in Alaska and flees the state, Criminal Rule 45 begins to

run when he or she is returned to the state rather than when he or she waives extradition. I also agree with the court that, given the facts in this case, Miller's trial was not delayed by the state's filing a detainer in April 1985, in preference to immediately seeking Miller's extradition. The significant fact in this case is that Miller readily waived extradition whereas Conway resisted. Under the totality of the circumstances, I am not convinced that the *Conway* procedure would have gotten Miller back to Alaska at an earlier time than the procedure actually followed. The difficult question for me occurs when a defendant resists extradition. It seems to me that the Alaska Supreme Court, in promulgating the Alaska Criminal Rules, intended to force the state to follow through on extradition procedures and to preclude it from simply relying on the filing of a detainer unless and until the state in which the defendant is in custody rejects extradition. I do not believe that the state should be permitted to avoid a speedy trial simply because the defendant does not want one.