914 So.2d 470 (2005)
Michael HALLE, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D05-2658.
District Court of Appeal of Florida, Fifth District.
October 27, 2005.
*471 Charles Horn, Daytona Beach, for Petitioner.
Charles J. Crist, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Respondent.
PER CURIAM.
Michael Halle ["Halle"] seeks a writ of prohibition to prevent his further prosecution in case no. 2002-1144-CF pending in Hernando County, based on the so-called "anti-shuttling" provision of the Interstate Agreement on Detainers ["IAD"], section 941.45, Art. III(d), Florida Statutes (2004). The State contends that the record does not establish without dispute that Halle strictly complied, or even substantially complied, with the requirements of a request for final disposition detailed in the statute. We disagree and issue the writ.
It is undisputed that on August 20, 2004, Halle was transported from the Commonwealth of Massachusetts to Florida pursuant to his request for final disposition of all untried cases in Florida. § 941.45, Art. III(d), Fla. Stat. (2004). On or about July 22, 2004, while still in custody in Massachusetts, Halle also served an IAD request to the assistant statewide prosecutor handling the prosecution in the Hernando County case. Halle had previously filed a similar request for his pending cases in Marion County. Halle also sent a detailed handwritten request for final disposition to the Hernando County Clerk of Court. Halle was sent to Ocala in Marion County where he was in custody for 110 days, from August 20, 2004, until December 8, 2004.
On October 5, 2004, a status hearing occurred in Halle's pending cases before a circuit judge in Marion County. Two assistant state attorneys handling the Marion County cases were present and the assistant statewide prosecutor handling the Hernando County prosecution was present on Case No. 02-1144. He asked the court to dispose of the Marion County cases before his Hernando County case and the court agreed. Thereafter, while Halle was in Marion County, the trial court in Hernando County issued two transport orders to the sheriff of Marion County to have Halle brought before the court in Hernando County.
For some reason not apparent on the record, Halle was sent back to confinement in Massachusetts without disposition of the Hernando County charges. Under the IAD, the return of Halle to Massachusetts without disposition of the Hernando County case mandates its dismissal. § 941.45, Art. III(d). State v. Wiggins, 425 So.2d 621 (Fla. 4th DCA 1983). The State contends that the absence of IAD documents from Massachusetts' prison officials in the files of the Hernando County clerk and the failure of Halle to use standard IAD forms avoids application of the statute.[1] We disagree. The record amply *472 demonstrates substantial compliance with the IAD, and clearly shows that both the statewide prosecutor and the circuit court in Hernando County had actual notice of his IAD disposition request, and that both took steps toward disposing of the case. See Torres-Arboledo v. State, 524 So.2d 403 (Fla.1988); State v. Roberts, 427 So.2d 787 (Fla. 2d DCA 1983).
WRIT GRANTED.
GRIFFIN, MONACO and TORPY, JJ., concur.
NOTES
[1] Notably, the State does not contend that the circumstances giving rise to his return to Massachusetts without disposition of the Hernando County charges (whatever those circumstances were) are a basis to avoid the anti-shuttling bar to prosecution.