[No. 1907–3.   Division Three.   March 17, 1977.]

THE STATE OF WASHINGTON, *Respondent*, v. DONALD GENE DAVIS, *Appellant*.

*Joseph T. Moynihan* and *George R. Huff,* for appellant.

*Paul A. Klasen, Prosecuting Attorney,* and *Ken Jorgensen, Deputy,* for respondent.

GREEN, J.—Donald Gene Davis appeals a conviction for second–degree burglary.

The record supports the following factual statement:

Defendant, his brother Jerry, and Gary Phetteplace were charged with second–degree burglary on May 9, 1975. The Davises were arraigned on May 21, pleaded not guilty, and were released on bond. On June 27, a trial date for the Davises was set for August 11, as number two priority. On July 11, Phetteplace was arraigned and pleaded not guilty.

During a conversation with Phetteplace, the Davises' counsel learned that Phetteplace's testimony could implicate one brother but not the other. This created a potential conflict–of–interest problem for counsel; however, when counsel informed the Davises of the problem, they contended that Phetteplace had made statements in the presence of others which would exonerate both. Counsel was unable to locate these witnesses.

On approximately August 6, defense counsel was informed by the prosecuting attorney that the number one

priority case for August 11 would go to trial. When this information was confirmed by the trial court, counsel informed the Davises that they would not go to trial until the first case was concluded. However, on August 8, defense counsel was informed that Phetteplace had pleaded guilty, that the first priority was stricken, and that the State intended to bring the Davises to trial on August 11, and at that time use the testimony of Phetteplace. Immediately upon learning of these developments, defense counsel orally requested a continuance from the Superior Court. This request was opposed by the State. Because of communication difficulties with the Davises, counsel was unable to consult with them prior to his request. Defense counsel advised the court of the foregoing, whereupon the court granted the continuance.

On August 11, a formal motion for continuance was filed setting forth by affidavit the gist of defense counsel's request of August 8. The trial court entered its formal order of continuance. On August 12, the Davis trial was reset for October 20. Subsequently, the charge against Jerry Davis was dismissed. On October 20, the defendant unsuccessfully moved to dismiss for violation of the 90–day rule.

The sole issue is whether the trial date was properly continued.

Defendant contends that CrR 3.3 accorded him a substantive right which his counsel had no authority to waive without defendant's consent. Consequently, the continuance upon defense counsel's motion was not within the purview of CrR 3.3(e)(1) and, therefore, the conviction should be vacated and the charge dismissed with prejudice. We disagree.

CrR 3.3(a) places upon the superior court the duty to insure that each person charged with a crime receives a speedy adjudication of the charge against him. This mandate of necessity carries with it the implicit correlative obligation that the court also insure the defendant a fair trial. CrR 3.3(e); *cf. State v. Dowell,* 16 Wn. App. 583, 588, 557 P.2d 857 (1976); *State v. Livengood,* 14 Wn. App. 203,

209, 540 P.2d 480 (1975). Defense counsel candidly disclosed to the trial court the untenable position in which he and his client had been placed by events outside of their control. If the trial court had denied the motion, thereby forcing defendant to trial, it would have been an abuse of discretion. The fact that defense counsel, without the consent of the defendant, sought the guidance of the court neither obviates the trial court's duty to insure defendant a fair trial, nor violates the mandate of *State v. Williams,* 87 Wn.2d 916, 557 P.2d 1311 (1976), relative to waiver of the right to a speedy trial.

The continuance was based upon a record which complies with the mandate of *State v. Jack,* 87 Wn.2d 467, 553 P.2d 1347 (1976), and *State v. Espeland,* 13 Wn. App. 849, 854, 537 P.2d 1041 (1975), so as to furnish facts upon which this court can adequately review the factors the trial court considered in justifying the delay.

Judgment affirmed.

MUNSON, C.J., and MCINTURFF, J., concur.

Petition for rehearing denied April 21, 1977.

Review denied by Supreme Court October 24, 1977.