[No. 13633-0-I. Division One. December 12, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. HARRY GEORGE, *Appellant.*

*Raymond H. Thoenig* and *James E. Lobsenz* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Scott J. McKay, Deputy,* for respondent.

COLEMAN, J.—Harry George appeals his juvenile court conviction for burglary in the second degree and theft in the first degree. He contends that the trial court erroneously denied his motion to dismiss for violation of the speedy trial rule, Juvenile Court Rule 7.8. We affirm.

George was initially represented in these proceedings by attorney David Compton. He appeared for arraignment on March 14, 1983. At that time, the parties agreed to waive arraignment, and a hearing for case setting was scheduled for March 28, 1983. George and his attorney signed a form titled, "Order on Agreement Waiving Arraignment and Setting Court Date". On the same day, March 14, 1983, George also signed a second form titled, "Order Waiving Hearing and Setting for Fact Finding". Both forms contained printed material and blanks. The blanks on the second form, the order waiving hearing and setting for fact finding, had not been completed. The paragraph numbered 1 on this second form provided:

> 1. ( ) The selected fact finding date is beyond the speedy trial limit. Respondent [George, appellant here] ( ) is ( ) is not in detention. Respondent and counsel waive the speedy trial rule until _____.

On the first form, the order on agreement waiving arraignment and setting court date, the second paragraph stated that the respondent and counsel understood that the

speedy trial expiration date under JuCR 7.8 was 60 days from March 14, 1983. However, the next printed sentence of the same paragraph, providing "( ) Respondent and counsel waive the speedy trial rule for _____ days", was not executed. On March 14, 1983, when George signed the forms, Compton wrote on George's copy of the first form and orally advised George that he did not have to be at the case setting hearing on March 28, 1983. Compton also told George he would let him know when he had to return to court.

At the case setting hearing on March 28, after conferring with the prosecutor, Compton completed the second form, the order waiving hearing and setting for fact finding. This order was approved by the juvenile court commissioner. The completed form provided for a fact–finding hearing on May 24, 1983. Paragraph 1 now read:

1. (x) The selected fact finding date is beyond the speedy trial limit. Respondent ( ) is (x) is not in detention. Respondent and counsel waive the speedy trial rule until from 5–13–83 to 5–27–83.

On May 16, 1983, Compton moved to withdraw as George's attorney of record, and to substitute Elaine Winters as counsel. The motion was granted. George subsequently told Winters that he had not been aware of his trial date until he received a letter from her. He acknowledged that he had signed the blank form (the order waiving hearing and setting for fact finding, including the blank waiver of the speedy trial rule).

On the date of the fact–finding hearing, May 24, 1983, George, through counsel, moved to dismiss the information based upon an alleged violation of the speedy trial rule. George contended that his signature on the blank form did not constitute a waiver of his right under JuCR 7.8 to a trial within 60 days from the date of arraignment, and that his attorney was not authorized or empowered to waive his right to a speedy trial.

The court conducted an evidentiary hearing on the motion. At this hearing, the State called Compton to the

stand. Compton testified that he had advised the prosecutor on March 28, the date set for case setting, that his trial calendar was "loaded as it were, and had no time within the sixty–day rule." He further testified that he and the prosecutor had agreed to waive the speedy trial rule from May 13 to May 27, 1983. Relying on the attorney–client privilege, Compton did not testify regarding any discussion of the speedy trial rule with George. Compton's assertion of the attorney–client privilege was sustained. After hearing argument, the commissioner upheld the waiver of the speedy trial rule, ruling that "there was a proper waiver" of a procedural right provided by court rule rather than by the constitution. The commissioner held that the waiver was "in accord with policy, with notice, and with knowledge of the respondent." Following the fact–finding hearing, George was convicted of the alleged offenses. Judgment was entered, and George filed a timely notice of appeal.

George assigns error to the denial of the motion to dismiss. George argues in this appeal that his attorney, Compton, could not waive George's right to a speedy trial on his behalf without his knowledge and approval. The State contends that JuCR 7.8 creates a procedural right designed to protect but not guarantee the constitutional right to a speedy trial. The State argues that the procedural right to a speedy trial may be waived by counsel acting on behalf of a client even when the client has not expressly consented to the waiver. The State claims that the standard to be applied to waiver of a procedural right is not whether the client executed the waiver knowingly and intelligently, but whether the waiver was reasonable. Compton's waiver was reasonable, the State contends, since the date was selected for the convenience of George's trial counsel; the trial was held only 11 days after the speedy trial expiration date; and George does not allege that he was prejudiced by this brief delay. Moreover, the State argues, a review of the record does not reveal any such prejudice.

JuCR 7.8, the speedy trial rule in juvenile court, and CrR 3.3, the speedy trial rule in superior court, are sub-

stantially similar. "Whenever possible, similar provisions in speedy trial rules applicable to the superior courts and courts of limited jurisdiction should be construed in a consistent manner." *State v. Kennison,* 25 Wn. App. 396, 398, 607 P.2d 877 (1980); *State v. Mack,* 89 Wn.2d 788, 576 P.2d 44 (1978). The speedy trial provisions of the superior court, juvenile court, district and municipal courts are procedural rules providing defendants with a right which is separate from the constitutional right to a speedy trial. *See Heaney v. Seattle Mun. Court,* 35 Wn. App. 150, 155, 665 P.2d 918 (1983), *review denied,* 101 Wn.2d 1004 (1984); *State v. Mack, supra* at 793; *accord, State v. White,* 94 Wn.2d 498, 501, 617 P.2d 998 (1980). *Mack* holds that "the rules are designed to *protect* but not *guarantee* the right." *Mack,* at 793. *White* states that "while founded upon the constitutional right to a speedy trial, the 60–day trial rule for a defendant in custody prescribed by CrR 3.3 is not of constitutional magnitude." *White,* at 501.

In support of his argument that his attorney's waiver of his right to a speedy trial under JuCR 7.8 was not binding upon him, George relies heavily on *State v. Williams,* 87 Wn.2d 916, 557 P.2d 1311 (1976). In *Williams,* the defendant, while in custody and after conferring with his counsel, signed a form waiving his right to be tried within 90 days. *Williams,* at 917. However, the 90–day provision was inapplicable because Williams was in custody. *Williams,* at 921. The version of CrR 3.3(c) then in effect provided that when a defendant was not able to obtain pretrial release, he was entitled to a trial within 60 days of his preliminary appearance. *Williams,* at 919. There was no evidence that Williams or his counsel knew that the 60–day rule existed or applied to Williams' circumstances. *Williams,* at 921.

In reviewing Williams' waiver and ultimately finding it ineffective, the court cited decisions involving the constitutional right to a speedy trial. *See Klopfer v. North Carolina,* 386 U.S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988 (1967) (right to a speedy trial is fundamental); *Johnson v. Zerbst,* 304 U.S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019, 146 A.L.R. 357

(1938); *Little v. Rhay,* 8 Wn. App. 725, 509 P.2d 92 (1973) (courts indulge every reasonable presumption against waiver of fundamental constitutional rights); *Barker v. Wingo,* 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972) (waiver of a fundamental right cannot be presumed from a silent record). While there is dicta which might be relied upon to argue that the *Williams* court applied the *constitutional* waiver standards to a waiver of the speedy trial right provided by court rule, neither *Williams* nor subsequent cases support such an argument. The precise holding in *Williams* is predicated upon an absence of any evidence that Williams or his counsel comprehended his right to a trial within 60 days of his preliminary appearance as the rule then provided.

▮ Cases subsequent to *Williams* permit a defendant or counsel to obtain continuances or to delay a trial date under certain specified circumstances. In *State v. White,* 23 Wn. App. 438, 597 P.2d 420 (1979), *aff'd,* 94 Wn.2d 498, 617 P.2d 998 (1980) (the Supreme Court adopting the opinion of the Court of Appeals), we articulated the following exception to the strict presumption against waiver of the procedural right to a speedy trial:

> [W]e have refused to *imply* a waiver except in two instances: . . . (b) where defendant or his counsel requests a continuance or late trial date and states good cause for the record.

(Citations omitted.) *White,* at 441.

In the present case, George's counsel did request a late trial date, *i.e.,* one beyond the 60–day period. It is clear that both George and his attorney knew that the speedy trial deadline expired on May 13, 1983. These circumstances are directly within the second exception described in *White.*

*Williams* requires the trial court to furnish a record of its reasons for allowing the trial to be set beyond the time limits of the speedy trial rules. *Williams,* at 920. Although the reasons for the late trial date were not set forth in the order setting the date for fact–finding hearing, Compton

provided those reasons when he testified at the fact–finding hearing. Hence, there is a sufficient record for us to review. *See State v. Colbert,* 17 Wn. App. 658, 663, 564 P.2d 1182, *review denied,* 89 Wn.2d 1010 (1977). In *Colbert* the trial date had been continued four times, and the defendant had expressly consented to only one of the continuances. None of the continuances, with one possible exception, was entered on a formal motion. No reasons were set forth in the orders granting each of the continuances. However, the parties had prepared and signed a written narrative of the events surrounding the continuances and the reasons for obtaining them. The court held that this narrative statement satisfied the record requirement. *Colbert,* at 663.

In *State v. Cunningham,* 18 Wn. App. 517, 521, 569 P.2d 1211 (1977), *review denied,* 90 Wn.2d 1001 (1978), counsel represented to the court that he would not be prepared to try the case until he had obtained an examination of the defendant's mental capacity, and that he would waive the speedy trial rule until then. The court held that counsel had waived the speedy trial rule until the actual trial date, although the record contained no notation of one of the several extensions. Counsel could properly waive the speedy trial rule in these circumstances for the benefit of the defendant. *Cunningham,* at 522.

In *State v. Livengood,* 14 Wn. App. 203, 208–09, 540 P.2d 480 (1975), counsel advised the defendant that he could not represent him due to a recently developed conflict of interest and lack of preparation on counsel's part. Counsel advised the defendant that the case should be continued. He also told the defendant that he would not have to be present at the scheduled trial date. The matter was stricken from the trial calendar, and a substitution of defense counsel was permitted. Counsel and the deputy prosecutor signed a written stipulation which was approved by the court, continuing the case from March 5, the original trial date, until May 14, 1974. May 14 was beyond the 90–day time limit provided by the version of CrR 3.3 then in effect. The defendant filed and argued a motion to dismiss on

May 15, presenting to the trial court the facts as set forth above.

The *Livengood* court remarked that the trial court "would have committed grievous error" had it not granted a continuance.

> The defendant was absent; his counsel believed he had a conflict of interest and he was unprepared. The court could not have insisted on a trial on that date in fairness to the defendant. New counsel was assigned, and he, as the defendant's representative and on his behalf, stipulated to the trial date in May, which was beyond the 90 days.
>
> We do not believe the defendant, under the circumstances of this case, can now be heard to say he disavows the motion and stipulation of his counsel, particularly when it was done for his benefit and did not prejudice him in the presentation of his defense.

*Livengood*, at 209.

In the present case Compton was not available for trial within the 60–day period because his trial calendar was already full. The delay from May 13 to May 27, 1983, was for the benefit of George, to enable his counsel to be present and prepared. As the court concluded in *Livengood*, we find that there is absolutely no indication that this delay prejudiced George in the presentation of his defense.

In *State v. Davis*, 17 Wn. App. 149, 561 P.2d 699, *review denied*, 89 Wn.2d 1005 (1977), the court rejected the argument that CrR 3.3 affords a defendant a substantive right which counsel has no authority to waive without defendant's consent. In *Davis*, defense counsel moved for a continuance due to events outside his or the defendant's control. *Davis*, at 152. The attorney did not obtain the defendant's consent, nor did he consult with defendant prior to requesting a continuance. Counsel had been "unable to consult with [the defendant] . . . prior to his request" for a continuance, because of "communication difficulties" with Davis. *Davis*, at 151. The court granted the continuance. Defense counsel subsequently filed a formal motion for continuance, setting forth by affidavit the basis

for his earlier oral request. The court held:

> CrR 3.3(a) places upon the superior court the duty to insure that each person charged with a crime receives a speedy adjudication of the charge against him. This mandate of necessity carries with it the implicit correlative obligation that the court also insure the defendant a fair trial. CrR 3.3(e); *cf. State v. Dowell,* 16 Wn. App. 583, 588, 557 P.2d 857 (1976); *State v. Livengood,* 14 Wn. App. 203, 209, 540 P.2d 480 (1975). Defense counsel candidly disclosed to the trial court the untenable position in which he and his client had been placed by events outside of their control. If the trial court had denied the motion, thereby forcing defendant to trial, it would have been an abuse of discretion. The fact that defense counsel, without the consent of the defendant, sought the guidance of the court neither obviates the trial court's duty to insure defendant a fair trial, nor violates the mandate of *State v. Williams,* 87 Wn.2d 916, 557 P.2d 1311 (1976), relative to waiver of the right to a speedy trial.

*Davis,* at 151–52.

Similarly, here, in view of Compton's assertion that he could not be prepared for trial within the 60–day period, it would have been an abuse of discretion for the juvenile court to deny the request for a trial date beyond that period. There is no showing that the commissioner was apprised of reasons for the extension prior to approving the order setting the fact–finding hearing. However, as we noted above, Compton's testimony during the hearing on George's motion to dismiss fulfills the record requirement by establishing facts which constitute good cause. The commissioner accepted the agreement of counsel, which was based on Compton's representation that his trial calendar would not permit him sufficient time to try George's case within the 60–day period. Thus, Compton could not have provided George with a properly prepared defense if the date had been set on or before May 13, 1983.

Furthermore, *State v. Franulovich,* 18 Wn. App. 290, 567 P.2d 264 (1977), *review denied,* 90 Wn.2d 1001 (1978) holds that:

*Williams* does not preclude an attorney from waiving a *procedural* (as opposed to substantive) right for tactical purposes. *See State v. Blanchey,* 75 Wn.2d 926, 454 P.2d 841 (1969), *cert. denied,* 396 U.S. 1045, 24 L. Ed. 2d 688, 90 S. Ct. 694 (1970); *In re Adoption of Coggins,* 13 Wn. App. 736, 537 P.2d 287 (1975); *In re Houts,* 7 Wn. App. 476, 481, 499 P.2d 1276 (1972). *Cf. State v. Livengood,* 14 Wn. App. 203, 540 P.2d 480 (1975). *See also Brookhart v. Janis,* 384 U.S. 1, 16 L. Ed. 2d 314, 86 S. Ct. 1245 (1966); *Henry v. Mississippi,* 379 U.S. 443, 13 L. Ed. 2d 408, 85 S. Ct. 564 (1965).

*Franulovich,* at 292–93. The *Franulovich* court also noted:

Although other jurisdictions hold that defendant's counsel can effectively waive the specific time requirements for a speedy trial as defined in a court rule or statute, *Brown v. State,* 328 So. 2d 497 (Fla. Ct. App. 1976), *Townsend v. Superior Court,* 15 Cal. 3d 774, 543 P.2d 619, 126 Cal. Rptr. 251 (1975), *State v. Taylor,* 47 Ohio App. 2d 171, 352 N.E.2d 604 (1975), *Snyder v. State,* 524 P.2d 661 (Alas. 1974), the issue has not been resolved in Washington.

*Franulovich,* at 292. George attempts to distinguish *Franulovich* by pointing out that the defendant in that case was present in court when his attorney waived the speedy trial rule, and the defendant stated in his affidavit that he understood his right to a speedy trial. Franulovich's assertion that he comprehended his right makes his situation distinguishable from that of Williams, who apparently had no knowledge of his right to a trial within 60 days. The *Franulovich* court also noted that the defendant did not allege any incompetency on the part of his attorney. Similarly, George does not allege that Compton was incompetent. In his affidavit, George alleges that Compton never talked to him about waiving his right to a speedy trial and that George himself did not waive his right to a speedy trial. However, he does not suggest that he was unaware of such a right. In fact, he signed a written acknowledgment that the speedy trial expiration date under JuCR 7.8 was 60 days from March 14, 1983. Although Compton did not waive the speedy trial rule for "tactical purposes" as the

attorney did in *Franulovich,* the principle of waiver for tactical purposes is analogous to what occurred here, and the court appropriately accepted Compton's waiver.

The *Franulovich* court referred to other jurisdictions which hold that defendant's counsel may waive the specific court rule or statutory time requirements for speedy trial:

> The position of the California Supreme Court in *Townsend* [*v. Superior Court,* 15 Cal. 3d 774, 543 P.2d 619, 126 Cal. Rptr. 251 (1975)] is consistent with the holding of the Supreme Court in *Williams.* While recognizing the inability of counsel to waive certain fundamental constitutional guaranties, it recognized that
>
> > the *statutory* right to be tried within 60 days . . . cannot properly be termed "fundamental" in the foregoing sense and therefore beyond counsel's primary control. Being of statutory origin, a defendant's rights . . . are "merely supplementary to and a construction of the Constitution. . . ." They do not carry the force or weight of constitutionally mandated imperatives. In this connection we think it significant that the United States Supreme Court has clearly rejected the proposition that the constitutional right to a speedy trial ". . . can be quantified into a specified number of days or months." (*Barker v. Wingo* (1972) 407 U.S. 514, 523, 92 S.Ct. 2182, 2188, 33 L.Ed.2d 101.)
>
> *Townsend v. Superior Court, supra* at 781–82. There, as here, the defendant was bound by the actions of his attorney in waiving his statutory right to a speedy trial. The court recognized that counsel does not possess
>
> > carte blanche under any and all conditions to postpone his client's trial indefinitely. Counsel's power in this regard is not unlimited. . . . Nor may counsel effectively waive his client's rights where the record reveals that the latter was the victim of inadequate representation. . . . This is not such a case. All requests for continuance were reasonably justified. Defense counsel is undoubtedly well qualified to represent petitioner, and is pursuing his client's best interests in a competent manner.
>
> *Townsend v. Superior Court, supra* at 784.

*Franulovich,* at 293.

Finally, it seems to us that George specifically entrusted

to Compton the primary responsibility of directing the procedural aspects of his case, including selection of a trial date. When told that he did not need to appear at the case setting hearing, George agreed and, in fact, did not appear at that time. In the order on agreement waiving arraignment and setting court date, he acknowledged his awareness of the speedy trial expiration date under JuCR 7.8. In the order waiving hearing and setting for fact finding which he signed without completing the blanks, he implicitly authorized his attorney to take whatever action he deemed appropriate on George's behalf in the final execution of that order. The printed provisions in paragraph 1 of that order specifically anticipate waiver of the speedy trial rule by the defendant and his counsel. Moreover, it does not strike us as unusual that a client would rely upon the judgment of counsel in setting a trial date. Compton's agreement to a brief extension of the speedy trial rule, which was necessary in order to accommodate a requested hearing date, is a procedural matter well within his authority as George's counsel.

We hold, under all of the circumstances of this case, that the waiver by Compton was binding upon George.

The judgment of the Superior Court is affirmed.

CALLOW and RINGOLD, JJ., concur.

Review denied by Supreme Court March 1, 1985.